46   151
105   08

## GREGORY vs. THE STATE.

[AMEDNDMENT OF INDICTMENT.]

1. *Indictment, amendment of; when error.*—To permit an indictment to be amended, on motion of solicitor, even in an immateria lmatter, without the consent of the defendant and against his objection, is an error for which the judgment will be reversed.

APPEAL from City Court of Montgomery.
Tried before Hon. J. D. CUNNINGHAM.

THE facts are as follows: At the July, 1870, term of the city court of Montgomery, an indictment was found against the appellant for living in adultery, &c. The indictment, in its caption, gave the title of the court as the "city court." No other title appeared elsewhere in said indictment. Appellant demurred to the indictment for its failure to state in what court it was found. The demurrer was sustained, and the State moved to amend by inserting after the words "city court," in said indictment, the words "of Montgomery," which motion was granted, against the objection of

appellant. To the allowance of the motion to amend appellant excepted, and here assigns the same as error.

FITZPATRICK, WILLIAMSON & GOLDTHWAITE, for appellant. "Caption," as used in section 4111, means the heading of the indictment, and is a part of it that must be returned by the grand jury.

In this indictment the name of the court did not appear correctly, either in the caption or body. It was, therefore, defective, and the court properly sustained the demurrer. The defect, established by sustaining the demurrer, was one that could not be amended except by consent of defendant, and in permitting the amendment, against the consent of defendant, the court erred.

Even if the indictment had been good, yet, when the court sustained the demurrer, the indictment was gone, and could not be restored except by defendant's consent. The amendment, against defendant's protest, was in effect a finding by the *court* of a new indictment.

JOHN W. A. SANFORD, Attorney-General, *contra.*

PECK, C. J.—We do not think it necessary to determine whether the demurrer to the indictment might not have been overruled without error, but, being sustained, the court below thereby held it to be insufficient.

An indictment is the act of the grand jury, and should be held to be inviolable. To permit it to be amended, even in a matter that might seem to be immaterial, without the consent, and against the objection of the defendant, would be a dangerous practice, that, so far as we know, has never received the sanction of this court.

Section 4143 of the Revised Code says, " an indictment may be amended with the consent of the defendant, when the name of the defendant is incorrectly stated, or when any person, property, or matter, therein stated, is incorrectly described." We think this equivolent to a declaration, on the part of the legislature, that an indictment can not be amended in any case, without the defendant's consent.

We therefore feel constrained to reverse the judgment of the court below, and to remand the case for further proceedings in that court.