## JOHNSON *vs.* THE STATE.

[AMENDMENT OF INDICTMENT.]

1. *Indictment; amendment of; when not permissible.*—The amendment of an indictment, without the consent of the accused and against his objections even in an unmaterial particular, is an unsafe practice and a reversible error.

2. *Same; form of given in the Revised Code sufficient.*—An indictment in the form prescribed by the Revised Code sufficiently shows a prosecution carried on in the name and by the authority of the State.

APPEAL from City Court of Montgomery.
Tried before Hon. JOHN D. CUNNINGHAM.

The indictment in this case, which was properly filed and endorsed, was as follows :

STATE OF ALABAMA,  }  CITY COURT,
County of Montgomery.  }  October Term, 1870.

The grand jury of said county charge, &c., that before the finding of this indictment, Andrew Johnson (colored) on his examination, &c., falsely swore, &c., [here follows the facts constituting the perjury,] against the peace and dignity of the State of Alabama.    J. S. WINTER,
      Solicitor of Montgomery county.

The defendant demurred to the indictment—

1. Because there is no such court as the "city court" known to the laws of Alabama.

2. Because it does not appear from the indictment that the prosecution was carried on in the name of and by the authority of the State of Alabama, but, on the contrary, appears that it is carried on in the name and by the authority of the grand jury of Montgomery county.

Thereupon the solicitor asked leave to amend the indictment by inserting in the caption the words "of Montgomery," just after the word "court," and by inserting below the date, "1870," the words, "in the name and by the authority of the State of Alabama," and the court, against the objection of defendant, allowed the motion, and the indictment was accordingly amended. The defendant reserved this objection by bill of exceptions, and having gone to trial on plea of not guilty, and been convicted, brings the case here by appeal, and now assigns as error the overruling of his objection to the amendment of the indictment, together with other rulings not necessary to be further noticed.

J. FALKNER, for appellant.—Indictments may be amended in some particulars by the consent of the accused, but in no case without his consent.—See Rev. Code, § 4143; *Gregory v. The State*, at this term.

2. The constitution of the State, art. 6, § 19, is as follows: " The style of all processes shall be *The State of Alabama*, and all prosecutions shall be carried on in the name and by the authority of the State of Alabama, and shall conclude against the peace and dignity of the same." Under the forms in use before the adoption of the Code of 1853, all indictments commenced in this way: " The grand jury of the State of Alabama, impanneled, sworn and charged to inquire for the body of (such a county) upon their oaths present, &c." Under this form of indictment it is plausible at least to say that the indictment " was in the name and by the authority of the State of Alabama." But under the form of indictment used in this case, there is noth-

ing in the indictment to indicate that the "prosecution is carried on" either in the "name" or "by the authority of the State," but it is really in the name and by the authority of the *grand jury*. It does not aver that the grand jury in the name and by the authority of the State "charge &c," but they make the charge in their own names, or in the name of the foreman or the solictor, as their names alone appear to the indictment. Should it be said that the indictment commences " *The State of Alabama,*" to this we reply that this is "the style of the process," and is also the style of all process in civil suits which are confessedly not in the name of the State, but are in the names of the parties beginning the suit as they appear in the body of the process, but the name or authority of the State does not appear in the body of this process (indictment); therefore, the indictment does not come up to this requirement of the constitution, and " in the name and by the authority of the State of Alabama," as required by the constitution. If it does fill this requirement, then it may be contended just as well that every civil action is in the name and by the authority of the State of Alabama, because the process in those actions commence " The State of Alabama," and the proceedings are authorized by the laws of the State, and in that sense they are by the authority of the State. But this constitutional requirement evidently means more than this, else why insert it in the constitution as to *State cases,* and not as to *civil suits.* The framers of the constitution certainly intended that the process (indictment) should show upon its face that the charge should be made by the State and by its authority, and that this should appear upon the face of the charge or indictment, and that the accused should be able to see, from reading the document, that "the sovereign State was his accuser, and that the charge was made by the authority of the sovereign people," and this is the very thing that does not appear. The constitutional provision, above quoted, meant something, and has some force, and the only way to give it meaning and force is to require indictments to be in the exact language of the constitution. It will not do to say that the

name of the State is indorsed on the back of the indictment, and also on the docket. This is no part of the work of the grand jury, but a mere memoranda, made by the officers of the court to distinguish cases, and is done after the prosecution before the grand jury is at an end. It is true that this court has frequently decided that the forms given in the Code are sufficient, but the rule universally obtains in all courts that decisions on points, or rather embracing and covering points, which have not been presented or considered, are never considered binding even on the courts or judges making such decisions. Applying this rule in this case, we do not find that this question has ever been raised or considered in this court. We, therefore, propose to raise it for the first time in this court. It being a constitutional question, and a provision inserted in that instrument for the benefit of the citizen, every citizen has a right to insist on it for his protection.

3. Again, it is apparent from the language at the conclusion of the indictment, that the constitution has been departed from. Its language is, "and shall conclude *against the peace and dignity of the same.*" In this indictment, and in all the forms laid down in the Code, the conclusion is "against the peace and dignity of the State of Alabama." Now, we say that the word "*same,*" in the constitution, refers back to the other words, which were required by that instrument to be in the body of the indictment, to-wit, "*in the name and by the authority of the State of Alabama,*" and if these words were in the indictment, then it would be natural and good language to say "against the peace and dignity of the same," in the language of the constitution ; but, those words being left out of the indictment, it becomes necessary to change the language as to the words put into the indictment, and instead of the constitutional word "*same,*" the pleader, to make sense, has to drop that word and say "against the peace and dignity of the State of Alabama."

ATTORNEY-GENERAL, *contra.*

B. F. SAFFOLD, J.—The sentence in this case must be

reversed on the authority of *Gregory v. The State,* at the present term.

The objection made by the appellant that the indictment in the form prescribed by the Revised Code is defective in not showing sufficiently that the prosecution is carried on in the name and by the authority of the State of Alabama, is not well taken. The objection is applicable to all indictments. The provision of the constitution referred to is the same .as that contained in the constitution of 1819, on the same subject. This court has repeatedly held that the form of indictment prescribed by the legislature in the Revised Code is sufficient.

The indictment shows that the grand jury of a particular county in the State charged the defendant with a specified offense. They are the tribunal especially appointed to inquire into all offenses against the criminal law committed in their county, and due presentment make of them by indictment. The charge averred that what was done, was against the peace and dignity of the State of Alabama, and it was signed by the solicitor, an officer appointed to prosecute all such cases in behalf of the State. This abundantly shows a prosecution carried on in the name and by the authority of the State.

The judgment is reversed and the cause remanded.