# Raisler *v.* The State.

*Indictment against Retailer of Spirituous Liquors.*

1. *Sufficiency of indictment; alternative averments.*—In an indictment for retailing without license (Rev. Code, § 3618), a count which charges that the defendant "sold, bartered, exchanged, or otherwise disposed of, or permitted to be taken, spirituous, vinous, or malt liquors, in quantities less than a quart," is fatally defective on demurrer.

FROM the Circuit Court of Limestone.

Tried before the Hon. W. B. WOOD.

The indictment in this case contained only one count, which charged that the defendant "sold, bartered, exchanged, or otherwise disposed of, or permitted to be taken, spirituous, vinous, or malt liquors, in quantities less than a quart, without license, and contrary to law." The defendant pleaded not guilty, without raising any objection to the indictment; and during the trial reserved several exceptions to the rulings of the court, which, however, require no special notice.

LUKE PRYOR, for the defendant, argued the several questions reserved by the bill of exceptions, and insisted that the indictment was fatally defective, though no objection was taken to it in the court below.

JNO. W. A. SANFORD, Attorney-General, for the State.

STONE, J.—The indictment in this case is fatally defective, under section 3618 of the Revised Code. That section prohibits the *sale* of vinous or spirituous liquors in quantities less than a quart, without license. The present indictment

[Matthews v. The State.]

is framed in the disjunctive, and charges that the defendant "sold, bartered, exchanged, or otherwise disposed of, or permitted to be taken, spirituous, vinous, or malt liquors," etc. Several of these disjunctive averments charge no offense known to the law. The indictment thus charges that the defendant did one of several acts, many of which are not indictable under the statute. A disjunctive averment in pleading, to be sufficient, must, in each of its alternative phases, charge an indictable offense. *Andrews v. McCoy*, 8 Ala. 920; *Lucas v. Oliver*, 34 Ala. 626; *David v. Shepherd*, 40 Ala. 587.

It is due to the circuit judge that we should say, the sufficiency of the indictment does not appear to have been brought to his attention. Still, we feel bound to notice it. 1 Bish. Cr. Procedure, § 1196. In the rulings on evidence, and in the charge to the jury, we find no error.

The revenue law, approved March 6, 1876 (Pamph. Acts, 78, 79, 80; chap. 9, sections 1, 6, 7), contains provisions, which must be observed when the indictment is for engaging in the business of retailing. See *Harris v. The State*, 50 Ala. 127, and authorities cited; *Bryant v. The State*, 46 Ala. 302; *Espy v. The State*, 47 Ala. 533. The present indictment is not under that statute. See *McIntyre v. The State*, at the present term.

We do not consider it necessary to notice any other questions.

Reversed and remanded. Let the defendant remain in custody, until discharged by due course of law.