# Pickett *v.* The State.

## Indictment for Burglary.

1. *Alternative averments in indictment.*—When an indictment, or a count in an indictment, charges several distinct offenses in the disjunctive, each alternative averment must be sufficient to justify a conviction.

2. *Sufficiency of indictment, in description of house entered.*—An indictment for breaking and entering a store-house, "in which goods, merchandise, *or other valuable thing*, was kept for use," &c., is fatally defective on demurrer: it should describe the "other valuable thing," so that the court may determine whether it falls within the statute, and the prisoner be informed of the charge against him.

FROM the Circuit Court of Madison.

Tried before the Hon. LOUIS WYETH.

The indictment in this case contained two counts; the first charging that the prisoners "broke into and entered the store of W. T. Barham, in which goods, merchandise, or other valuable thing, was kept for use, sale, or deposit, with intent to steal;" and the second, that they broke into and entered the "store-house" of said Barham, "in which goods, merchandise, or other valuable thing, was kept for use," &c., as in the first. The defendants demurred to each count of the indictment, "because it does not show what said 'other valuable thing' was;" and the overruling of this demurrer is the matter here insisted on as error.

WALKER & SHELBY, for the prisoners, cited Dwarris on Statutes, 2d ed., 621; Bishop on Stat. Crimes, 245; *Horton v. The State*, at the present term.

JOHN W. A. SANFORD, Attorney-General, for the State, cited *Ward v. The State*, 50 Ala. 120; *Wicks v. The State*, 44 Ala. 398; *Mason & Franklin v. The State*, 42 Ala. 543.

STONE, J.—We think the demurrer to each count of the indictment in this case should have been sustained. Each count charges separate and distinguishable offenses, in the disjunctive; and to sustain the indictment, each disjunctive phase of the charge must contain sufficient averments to justify a conviction. The language of the indictment is, that the defendants "broke into and entered the store of William T. Barham, in which goods, merchandise, or other

valuable thing, was kept for use, sale, or deposit, with intent," &c. The words "goods" and "merchandise," each, specify a chattel or chattels, and are sufficiently descriptive and specific, without more. Hence, an indictment using these words, or either of them, would be sufficient; and such indictment need not aver that the goods or merchandise had any value. The law assumes they are valuable, and dispenses with such averment.

The other clause of the statute, and of the indictment in this record, which follows the statute, stands on a different principle. Its language is, "other valuable thing." We have held that, when the chattel alleged to be in the house, in which a burglarious entrance is charged, is something other than goods or merchandise, it must be averred that such 'other thing' was of value.—See *Norris v. The State,* 50 Ala. 126; *Hurt v. The State,* at last term, 1876; *Rowland v. The State,* same term; *Crawford v. The State,* 44 Ala. 382. So, we hold that the 'other thing' must be described by name, or in some other way, for two reasons; first, that the court may determine whether the thing or things are of a class which falls within the statute; and, second, that the prisoner may be informed whereof he is charged.—See *State v. Raiford,* 7 Por. 101; *Johnson v. The State,* 32 Ala. 583.

This case does not fall within the principle declared in section 4794 of the Code of 1876; for this is not a case where "a statute creating or defining an offense, uses special or particular terms;" in which "an indictment on it may use the general term which, in common language, embraces the special term."

Reversed and remanded. Let the prisoners remain in custody, until discharged by due course of law.