STATE OF NEBRASKA V. WILLIAM LEESE, EX-ATTOR-
NEY GENERAL.

FILED JUNE 5, 1893.   No. 6095.

1. Impeachment.   The constitution of this state confers the sole
power of impeachment upon the senate and house of represen-
tatives in joint convention, and the legislature cannot delegate
that power to others.

2. ———: MANAGERS: AMENDMENT OF ARTICLES.   Where the
legislature has adopted articles of impeachment, which have been
filed in this court, no amendment thereof, in any matter of sub-

stance, can be made by the managers appointed by the legisla-
ture to prosecute the impeachment.   The authority to adopt and
present other or amended articles of impeachment or specifica-
tions rests alone with the joint convention of the two houses of
the legislature.

3. ———: JURISDICTION.   For want of jurisdiction, the proceedings
are dismissed.

*P. H. Barry, C. D. Casper,* and. *George R. Colton,* man-
agers.

*George W. Doane, S. B. Pound, W. L. Greene,* and *G.
M. Lambertson,* for the state.

*William Leese* and *John M. Stewart,* for defendant.

NORVAL, J.

The legislature of this state at its last session adopted
and presented to this court articles of impeachment against
William Leese, ex-attorney general, charging him with
misdemeanors in office during the period he was attorney
general of the state.   Within the time fixed by the court
therefor, the respondent answered the articles of impeach-
ment exhibited and presented against him and to each and
every specification therewith.   Subsequently the managers
appointed by the legislature to prosecute the charges asked
leave to amend, in matter of substance, certain of the
specifications in said articles of impeachment, to which pro-
posed amendments the respondent at the time objected.   At
the hearing, the application to file amended specifications
was denied, and we will now briefly state the reasons for
the conclusion then reached.

Section 14, article 3, of the constitution declares that
" The senate and house of representatives, in joint conven-

tion, shall have the sole power of impeachment, but a majority of the members elected must concur therein.  Upon the entertainment of a resolution to impeach by either house, the other house shall at once be notified thereof, and the two houses shall meet in joint convention for the purpose of acting upon such resolution within three days of such notification," etc.

By the foregoing provision the exclusive power of impeachment is conferred upon the legislature.  Both houses of that body are required to meet in joint convention to act upon a resolution to impeach a state officer for any misdemeanor in office, and such a resolution can only be adopted or carried by the affirmative vote of at least a majority of all the members elected to the legislature.  The authority thus given carries with it the power of the senate and house of representatives, under like restrictions, to adopt suitable articles and specifications in support of their impeachment, and likewise the authority to adopt and present additional or amended articles or specifications whenever it is deemed proper or expedient so to do.  But such power can no more be delegated by the joint convention to a committee or managers of impeachment, appointed by it, than the legislature can confer authority upon a committee composed of members of that body to enact a law, or to change, alter, or amend one which has been duly passed, and in neither case does the right exist.

Impeachment is in the nature of an indictment by a grand jury.  The general power which courts have to permit the amendment of pleadings does not extend to either indictments or articles of impeachment.  The uniform holding of the courts, except where a different rule is fixed by statute, is that when an indictment has been filed with the court, no amendment of the instrument, in matter of substance, can be made by the court, or by the prosecuting attorney, against the consent of the accused, without the concurrence of the grand jury which returned the indict-

ment. (*People v. Campbell*, 4 Parker's Crim. Rep. [N. Y.], 386; *Gregory v. State*, 46 Ala., 151; *Johnson v. State*, Id., 212; *McGuire v. State*, 35 Miss., 366; *State v. Sexton*, 3 Hawks [N. Car.], 184; *State v. McCarty*, 2 Pinney [Wis.], 513; *Ex parte Bain*, 121 U. S., 1.) We have no hesitancy in holding that the managers have no power or authority to change in any material matter the specifications contained in the articles of impeachment exhibited against the respondent. If they could do that, it necessarily follows that they could exhibit new articles of impeachment or specifications, preferring charges against the respondent, not included in the original accusations made against him, and which the sole impeaching body, the joint convention of the legislature, might have rejected, had they been submitted to it for consideration. To hold that the managers of impeachment have the right to do that would be to disregard both the letter and spirit of the constitution.

In reaching the conclusion stated above we have carefully considered and given due weight to the last paragraph of the articles of impeachment, which reserves to the senate and house of representatives of the state of Nebraska, in joint convention assembled, "the liberty of exhibiting at any time hereafter any further articles or other accusations or impeachments against the said William Leese, late attorney general of the state of Nebraska." All that can be reasonably claimed for this provision is that the joint convention of the two houses of the legislature reserved the right to adopt other and additional articles of impeachment against the respondent. But the legislature has not preferred other or further accusations against him, nor does the clause above mentioned attempt to confer such authority upon the managers of impeachment. If it had done so, as we have already seen, it would be repugnant to the letter and spirit of the constitution.

There is another question disclosed by the record, although not raised by the respondent, which is decisive of

the case, and that is that the legislature had no power to prefer the articles of impeachment against the respondent, and that this court has no jurisdiction to try the accusations made against him. ' William Leese, when the impeachment articles were adopted, was not an officer of the state. He had ceased to be attorney general more than two years prior to that time, by reason of the expiration of the term for which he had been elected. Therefore, for the reasons stated in the opinion in the cases of *State v. Benton and Hill*, 37 Neb., 80, filed herewith, the respondent was not liable to impeachment for any misdemeanors in office which he may have committed while he was attorney general. The proceedings against him are, for that reason,

DISMISSED.

THE other judges concur.