# Watson *v.* The State.

*Indictment for selling Spirituous, Vinous or Malt Liquors.*

1. *Constitutional law; act prohibiting sale of liquor; when provisions of act not included in title.*—Where, under an act entitled "An act to prohibit the sale or disposing of spirituous, vinous or malt liquors, or other intoxicating beverages," in a certain county, it is provided in the body of said act that it should be unlawful for any person "to sell, keep for sale or otherwise dispose of any spirituous, vinous, malt or other intoxicating liquors, or any intoxicating beverages, decoction, mixture, compound or bitters whatever," the provisions of said act making it unlawful "to keep for sale" liquors, etc., is unconstitutional; such subject not being expresse. in its title.

2. *Same; same; same.*—The provisions in the body of said act relative to "decoction, mixture, compound or bitters" is likewise unconstitutional as not being expressed in the title of said act.

3. *Selling liquors contrary to law; sufficiency of indictment.*—An indictment which seeks to charge the defendant with selling liquors contrary to law, but in the alternative charges the defendant with acts which are not prohibited by any valid law, fails to charge an offense with certainty, and is, therefore, subject to demurrer.

APPEAL from the Circuit Court of Wilcox.

Tried before the Hon. JOHN MOORE.

The appellant in this case was tried and convicted under an indictment which contained two counts. In

the first count it was alleged that the defendant "did, within the limits of Wilcox county, Alabama, and outside of Camden precinct in said State and county, sell, keep for sale, or otherwise dispose of spirituous, vinous, malt or other intoxicating liquor, or intoxicating beverages, decoction, mixture, compound or bitters, without a license and contrary to law."

In the second count the charge was identical, except that it was averred that the defendant, at the time, was in no wise connected with or acting for a lawful dispensary in said county.

The defendant demurred to each count of the indictment upon several grounds which may be summarized as follows: 1. Because in each of said counts the defendants are charged with "keeping for sale," etc., and the same is no violation of law, in that the caption of the act of the legislature of the prohibition law of Wilcox county—Acts, 1882-83, p. 234—does not set out in the caption thereof as part of or as embraced in the body of the act "keeping for sale," etc.   2. Because each count in said indictment charges the defendants with selling, etc., "intoxicating decoction, mixture, compound or bitters," and that part of said act approved December 12, 1882, in Acts 1882-83, p. 234 and 235 is unconstitutional and void, which makes it an offense to sell or otherwise dispose of "intoxicating decoction, mixture, compound or bitters," because said offense which appears in body of said act does not clearly appear in the title to said act, and thereby violates Section 45 of Article IV of the Constitution, and Section 2 of Article IV of the Constitution of 1875, which is the same as said Section 45, Article IV of the present Constitution, in matter referred to.   This demurrer was overruled.

Upon the introduction of all the evidence, there was judgment of conviction.

MILLER & MILLER, for appellants.—The act under which the indictment against the defendant was framed, included unconstitutional provisions, and, therefore, the indictment itself, which followed said act, was defective and subject to demurrer.—*Davis v. State,* 130 Ala. 148; *Raisler v. State,* 55 Ala. 64.

MASSEY WILSON, Attorney-General, for the State. The indictment was not subject to demurrer.—*State v. Davis,* 130 Ala. 148; *Henderson v. State,* 105 Ala. 82; 16 Encyc. Pl. & Pr. 535.

SHARPE, J.—In the body of an act entitled "An act to prohibit the sale or disposing of spirituous, vinous or malt liquors, or other intoxicating beverages in the county of Wilcox, on and after the first day of April, 1883," it was, subject to certain provisos declared that after that date it should "be unlawful for any person or persons to sell, keep for sale, or otherwise dispose of any spirituous, vinous, malt or other intoxicating liquors, or any intoxicating beverages, decoction, mixture, compound or bitters whatever, within the limits of the county of Wilcox."—Acts, 1882-83, p. 234.

The title above quoted from the act in question indicated a legislative purpose to prohibit only the sale and disposal of the commodities therein mentioned, and the statute passed in adherence to that purpose would not have been violated by a mere keeping of such commodities for sale. Therefore, the body of the act in so far as it purports to make such keeping an offense, includes a subject of legislation not expressed in the title, and was violative of section 2 of Article IV of the Constitution of 1875.—*Davis v. State,* 130 Ala. 148.

It was also indicated by the title of this act, that the proposed legislation would deal only with intoxicating beverages. By construction, the word "intoxicating" may be supplied next before the words "decoction," "mixture," "compound," and "bitters;" yet it is judicially known that of the latter commodities there are some, which though intoxicating, are not beverages. That part of the act which includes decoctions, mixtures, compounds and bitters, other than such as are beverages within the prohibition, goes to subjects other than those expressed in its title, and in view of the constitutional provision referred to is bad.

The inclusion of these extraneous subjects does not render the whole act invalid, since their elimination

would leave the act conforming to its title and complete as a law.—*Davis v. State, supra.* Had the charges against the defendant been confined to transactions violative of the operative parts of the statute, the indictment would have been free from objection; but those charges having been made in the alternative and having included acts not prohibited by any valid law, the result was that no offense was charged with certainty and the indictment was, therefore, subject to the demurrer. *Raisler v. State,* 55 Ala. 64.

Reversed and remanded.

