# State *v*. Nix.

*Enticing Servnats.*

(Decided Feb. 10, 1910.   51 South. 754.)

1. *Indictment and Information; Alternative Averments.*—Alternative averments in an indictment must each present an indictable offense, and if one of them charges no offense, the indictment is bad in toto.

2. *Constitutional Law; Right to Life, Liberty and Property.*—Section 6850, Code 1907, is not violative of section 1, Constitution 1901, nor of the 14th amendment of the United States Constitution.

APPEAL from Barbour Circuit Court.

Heard before Hon. A. A. EVANS.

Jim Nix was charged with enticing a servant. From a judgment sustaining a demurrer to the indictment, the State appeals. Reversed and remanded.

The indictment was in the following language: "The grand jury of said county charge that before the finding of this indictment that Jim Nix knowingly interfered with, hired, engaged, enticed away, or induced Jack Massey, a laborer or servant, renter, or share cropper, who had stipulated or contracted in writing to serve one H. J. Turner, a given number of days, weeks, months, or for one year, before the expiration of the term stipulated or contracted for, said contract being in force and binding upon the parties thereto, without the consent of the said H. J. Turner, to whom the service was due, given in writing, or in the presence of some reliable person, against the peace and dignity of the state of Alabama." The demurrer takes the points (1) that it charges no offense known to the law; (2) that the act and the section of the Code are unconstitutional and void, as in violation of section 1, art. 1, of the Constitu-

tion of the state of Alabama of 1901, and of the Constitution of the United States (fourteenth amendment). There are other grounds not necessary to be set out.

ALEXANDER M. GARBER, Attorney General, and THOMAS W. MARTIN, Assistant Attorney General, for the State.—Section 6850, Code 1907, is not violative of the Constitution.—*Tarpley v. The State,* 79 Ala. 271. The indictment was not subject to the demurrer interposed. —*Vernon v. The State,* 50 Ala. 57; *Houghton v. The State,* 53 Ala. 493; *Raisler v. The State,* 55 Ala. 64; *Amos v. The State,* 73 Ala. 498.

PEACH & THOMAS, for appellee.—The indictment was open to the objection that it charged offenses in the alternative, several of which charged no offense.—*Houghton v. The State,* 53 Ala. 493; *Hornsby v. The State,* 94 Ala. 55. The act is unconstitutional, so far as it attempts to prevent the hiring or employing.—*Toney v. The State,* 141 Ala. 121; 123 Fed. 671.

McCLELLAN, J.—This appeal is by the state of Alabama from a judgment based upon the adjudication of the constitutional invalidity of Code of 1907, § 6850. As presently important, the statute reads: "Enticing Away Servants, Renters, or Laborers under Written Contract, etc.—Any person who knowingly interferes with, hires, employs, entices away, or induces to leave the service of another, or attempts to hire, employ, entice away, or induce to leave the service of another, any laborer, or servant, renter, or share cropper, who has contracted in writing to serve such other penson for any given time, not to exceed one year before the expiration of the time contracted for. * * *"

The indictment pursues the form provided.—Criminal Code 1907, p. 669, form 55. Alternative averments in

an indictment must each present an indictable offense; and if, in such an indictment, one or more of the alternatives expressed charge no offense, then the indictment is bad in toto.—*Horton v. State,* 53 Ala. 493; *Hornsby v. State,* 94 Ala. 55, 10 South. 522; *Raisler v. State,* 55 Ala. 64—among others. Upon this premise of principle, it is insisted—and that was the view prevailing below— that the alternatives, "hiring or employing" one within the description of the statute, are, though enumerated in the statute, acts violative of the inalienable constitutional right to enjoy life, liberty, and property.

The question was, in *Tarpley's Case,* 79 Ala. 271, and on the sound reasoning therein employed, decided adversely to appellee's contention and affirmative of the statute's constitutional validity. There is no occasion to reiterate at this time. Our recent decision of *Toney v. State,* 141 Ala. 120, 37 South. 332, 67 L. R. A. 286, 109 Am. St. Rep. 23, does not overrule or impinge upon the ruling in *Tarpley's Case.* The statute condemned in *Toney's Case* attempted to penalize mere breach of the contracts described therein, and this court pronounced it violative of the inalienable rights declared in our organic law and in that of the United States.

Section 6850 is directed against an entirely different conduct, viz., the tortious (at common law) mischief of knowingly interfering with or interrupting contractual relations of others. If this statute had undertaken to penalize the act of hiring or employing or engaging the servant, etc., without reference to the scienter, then the principle which *Toney's Case* illustrates would have applied to condemn it.

The court erred in sustaining the demurrer to the indictment. The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, MAYFIELD, and SAYRE, JJ., concur.