# Mitchell *v*. The State.

*Larceny and Embezzlement.*

(Decided May 16, 1911.  56 South. 56.)

1.  *Indictment and Information; Joinder of Courts; Duplicity.*— Under the common law the joinder of different offenses in the same court was bad as double pleading.

2.  *Same; Embezzlement; Larceny; Statute.*—Under section 7151, Code 1907, offenses of the same character and subject to the same punishment may be joined in one count in the alternative, and hence, a complaint charging embezzlement and larceny of the same property of a certain person, may be properly joined in the same count if the alternative averments each charge a complete offense, and the two offenses are of the same character, and degree, and subject to the same punishment.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WILLIAM E. FORT.

E. B. Mitchell was convicted of embezzlement and larceny, and he appeals.  Affirmed.

Omitting the formal charging part, the affidavit is as follows:  "That E. B. Mitchell, whose name is otherwise unknown to him, within twelve months before making this affidavit, in said county, he being at such time the clerk agent, or apprentice of G. E. Beverly, did embezzle or fraudulently convert to his own use or to the use of another, or fraudulently secrete, with intent to convert to his own use, or to the use of another, money to about the amount of $15, which $15 came into his possession by virtue of his office or employment, or did feloniously take and carry away $18, the personal property of G. E. Beverly, against the peace and dignity," etc.  The warrant followed the affidavit, and required the defendant to answer the state of Alabama of a charge of embezzlement or larceny, preferred by G. E.

[Mitchell v. The State.]

Beverly.   The demurrers raise the points discussed in the opinion.

WILLIAM VAUGHAN, for appellant.   No brief reached the Reporter.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The offense of larceny and embezzlement are of the same character.—*Mayo v. The State,* 30 Ala. 32; *Burdine v. The State,* 25 Ala. 60.   Hence, under section 7151, Code 1907, they may be joined in the same count in the alternative, provided, each alternative charges a complete offense.—*Horton v. The State,* 53 Ala. 493; *Noble v. The State,* 59 Ala. 73; *Lucas v. The State,* 144 Ala. 63. Embezzlement and larceny may be joined.—*Butler v. The State,* 91 Ala. 87.

PELHAM, J.—This appeal is before us on the record proper, without a bill of exceptions.   The only question presented by the record is on the demurrers to the affidavit or complaint, to the effect that two offenses are charged in the alternative in the same count.   The affidavit or complaint contains but one count, in which the defendant is charged in the alternative with embezzlement and larceny.

Under the common law, the joinder of different offenses in the same count was deemed vicious, as double pleading, and not allowed.   It is permissible, however, for kindred offenses of the same character or equal degree, subject to the same punishment, to be joined in the same count, under the statute in this state.—Code 1907, § 7151.   The purpose of the statute is to dispense with a multiplicity of counts, allowing one to serve the purpose of several, and it has been held to be violative of

no constitutional right.—*Burdine v. State,* 25 Ala. 60. Under this section, it has been held permissible to charge either of different prohibited acts of a prohibition law in the same count of an indictment in the alternative.—*Sims v. State,* 135 Ala. 61, 33 South. 162; *McClellan v. State,* 118 Ala. 122, 23 South. 732. The alternative averments in one count of the different means by which the offense was committed are held to be but substitutes for so many different counts.—*Hornsby v. State,* 94 Ala. 55, 10 South. 522.　　　　　　)

Embezzlement and larceny belong to the same family of crimes, and are of the same general nature and character, and subject to the same punishment.—Code 1907, § 6828; *Mayo v. State,* 30 Ala. 32. And in a case where embezzlement and larceny were charged in different counts of an indictment, it was held that the state could not be compelled to elect upon which count it would proceed.—*Butler v. State,* 91 Ala. 87, 9 South. 191.

While it has been declared in this state that the statute creating and defining embezzlement was not intended to, and did not, convert larceny at common law into statutory embezzlement (*Washington v. State,* 106 Ala. 58, 17 South. 546), the only distinguishable difference between embezzlement and larceny is the manner in which the property comes into the possession of the offender. If the offender has the intent to appropriate to his own use before or at the time of coming into possession of the personal property, he is guilty of larceny; but he may nevertheless be guilty of embezzlement, notwithstanding he has such secret intent, if he unlawfully converts it after it is committed to his custody as an officer or agent of another by virtue of his office or employment.

The similarity in character and almost interchangeability of the ingredients characterizing the difference in the two offenses is shown by the case of *Holbrook v. State*, 107 Ala. 154, 18 South. 109, 54 Am. St. Rep. 65. In that case, it was held that where a defendant was charged with the larceny of a quilt, and the evidence showed it had been turned over to him as a servant by the owner, to be delivered by the defendant at the owner's house, the defendant was guilty of larceny, as the defendant had only the bare charge or custody, and was guilty of trespass in taking and larceny in converting to his own use, because the owner had the constructive possession.

The alternative averments each charged a complete offense, and the two offenses, being of the same character, of equal degree, and subject to the same punishment, were properly joined in the same count, under the statutory authority conferred by section 7151 of the Code of 1907.

Affirmed.