# Dix *v.* The State.

*Dealing in Junk.*

(Decided June 3, 1913. · 62 South. 1007.)

1. *Indictment and Information; Disjunctive or Alternative Averment.*—Alternative averments in an indictment must each charge an indictable offense, and if one or more fail to charge such offense, the indictment is bad.

2. *Same.*—If an indictment contains disjunctive averments in the same count, it is defective unless each separate alternative charge is alleged with certainty, particularity and definiteness.

3. *Same; Curing Defect.*—Where the indictment contained more than one count, containing alternative averments, one of which failed to charge an offense, the defects could not be cured by an election on the part of the state to prosecute only on the other alternative averment.

4. *Same; Amendment.*—An indictment is the act of the grand jury and cannot be amended without the consent of defendant even as to immaterial matters.

5. *Same; Statutory Offense; Language of Statute.*—Under Acts 1911, p. 11, an indictment charging that defendant unlawfully purchased one iron stove and five pieces of iron pipe, "or other material or fixtures pertaining to a house" without first having complied with the statute, was fatally defective, since it is not sufficient to charge

an offense in the words of the statute creating it, when in defining or specifying the offense in the indictment, only the general terms of the statute that succeeds particular, designated prohibited acts are used.

6. *Statutes; Construction; General and Specific Words.*—Under Acts 1911, p. 11, the comprehensive generic terms used include other acts or things of the same kind, or within the same class as those particularly enumerated.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Paul F. Dix was convicted of unlawfully dealing in junk, and he appeals. Reversed and remanded.

Omitting formal charging part, the indictment is as follows: "Paul F. Dix, being engaged in the business of a junk dealer, or dealing in junk, in the city of Montgomery, Ala., did unlawfully purchase or otherwise acquire from Jack May one iron stove, and five pieces of iron piping, or other material or fixtures pertaining to a house, without first having notified in writing, at least six hours before said purchase or acquisition of said property was completed, the chief of police of said city of Montgomery, of the proposed purchase or acquisition of said property, and giving a description of said property, and from whom the purchase or acquisition was to be made."

HILL, HILL, WHITING & STERNE, for appellant. The indictment was subject to the demurrers interposed, and the court was in error in not sustaining the same.— *Johnson v. State,* 32 Ala. 586; *Horton v. State,* 60 Ala. 72; *Hornsby v. State,* 94 Ala. 55; *Rogers v. State,* 117 Ala. 192; *Danner v. State,* 54 Ala. 127; *Pickett v. State,* 60 Ala. 77; *State v. Plunkett,* 2 Stew. 11. Counsel discuss the constitutionality of the statute, but in view of the opinion, it is not deemed necessary to here set it out. Counsel contend that the indictment was not amendable except with the consent of defendant, and that the state

could not cure the defect by seeking to elect to proceed under the good alternative in the count.—*Ellis v. State,* 105 Ala. 74.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The construction sought to be given the statute by appellant cannot be upheld.—*Walton v. State,* 62 Ala. 197; *Crosby v. Hawthorn,* 25 Ala. 221. The state could strike either alternative or elect to proceed under either.—*Burdine v. State,* 25 Ala. 64. Counsel cite authorities to sustain the constitutionality of the act, but it is not deemed necessary to here set them out.

PELHAM, J.—The indictment on which the defendant was tried and convicted contained but one count and was drafted with a view of charging an offense under the act approved Feb. 11, 1911, to regulate the business commonly known as the "junk business," or "junk dealers."—Acts 1911, p. 11. The averments of the charging part of the indictment, after alleging the defendant to be a dealer in junk or a junk dealer, etc., are, so far as germane to the question to be considered, as follows: that is, they charge that the defendant "did unlawfully purchase or otherwise acquire from Jack May one iron stove, and five pieces of iron piping, or other material or fixtures pertaining to a house, without first having," etc. The defendant demurred to the indictment, assigning many grounds, among others those attacking the validity of the indictment because it charged the defendant with different offenses in the disjunctive, and alleging that one of the alternative averments was bad in that it failed to specify or particularize what "other material or fixtures pertaining to a house" was purchased in violation of the statute.

The statute defining the offense and making the commission of the prohibited acts a misdemeanor punishable by a fine or imprisonment does not prescribe a form for an indictment adapted to the offense created, nor does the Code furnish a form. The sufficiency of the indictment must therefore be tested by general principles.

It is settled in this state that alternative averments in an indictment must each charge an indictable offense, and that in case there is a failure in this particular, and one or more of the alternative averments charges no offense, then the indictment is bad in toto.—*State v. Nix,* 165 Ala. 126, 51 South. 754; *Raisler v. State,* 55 Ala. 64; *Horton v. State,* 53 Ala. 493; *Hornsby v. State,* 94 Ala. 55, 10 South. 522; *Hill v. State,* 145 Ala. 58, 40 South. 654.

The alternative averment made the basis of attack by demurrer, "or other material or fixtures pertaining to a house," is in the words used by the statute, it is true; but it is not sufficient to charge an offense in the words of the statute creating it when in defining or specifying the offense in the charge or presentment only the general terms of the statute that succeed particular designated prohibited acts are used.—*Johnson v. State,* 32 Ala. 583; *Horton v. State, supra.*

The indictment is fatally defective if it contain disjunctive averments in the same count, unless each separate alternative charge is alleged with certainty, particularity, or definiteness.—*Rogers v. State,* 117 Ala. 192, 23 South. 82; *Noble v. State,* 59 Ala. 73; *Pickett v. State,* 60 Ala. 77.

The statute creating and defining the offense for which the defendant in this case was indicted provides that it shall be unlawful for any person carrying on a junk business, or dealing in junk, to purchase or otherwise acquire from any person "any iron, brass, brasses,

lead, lead pipes, locks, bath tubs or other material or fixtures pertaining to a house." The particular specified . acts prohibited and made an offense are followed by the more comprehensive generic terms, and these generic terms are immediately preceded by and connected with the things particularly specified by the words "or other." The generic terms used this way in such a connection include other acts or things of the same kind or within the same class, and it is not enough to aver the commission of such other acts or things in the general language used in the statute, but they must, to constitute a good charge, be specified or designated more particularly than by these generic terms, including, as they do, other and different property than that specified and enumerated by particular description in the statute creating and defining the offense.—*Johnson v. State,* and other authorities cited supra.

The recitals in the bill of exceptions and judgment entry show that an attempt was made by the state's solicitor to avoid the invalidity of the indictment on the ground pointed out by demurrer, by a voluntary election to prosecute only for a purchase of those things or articles specified and particularly designated in one of the alternative averments contained in the indictment. An election could only go to a good indictment, and this doctrine could not apply for the purpose of eliminating a part of the indictment that was bad in its entirety as returned by the grand jury. The indictment as a whole was subject to the infirmity pointed out by demurrer, and could not be cured by an election on the part of the state; for, if it was otherwise, then a resort to an election could be had to eliminate any defective averment in any indictment, no matter how gross or glaring the defect rendering the indictment void.

[Young v. The State.]

Such a proceeding would amount to an amendment of the indictment without the consent of the defendant, and an indictment is the act of the grand jury and cannot be amended, even as to immaterial matter, without the defendant's consent.—*Johnson v. State,* 46 Ala. 212; *Gregory v. State,* 46 Ala. 151; *Shiff v. State,* 84 Ala. 454, 4 South. 419.

The judgment of the court below must be reversed for the error committed in overruling the demurrers to the indictment.

Reversed and remanded.