(125 So. 604)
### JINRIGHT v. STATE. (4 Div. 482.)

Court of Appeals of Alabama. May 7, 1929.

Rehearing Denied June 25, 1929. Affirmed on Mandate Jan. 7, 1930.

352

J. C. Fleming, of Elba, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. ■■ The indictment returned by the grand jury against this appellant, and another, not on trial, was defective, as to each count, in that the several offenses charged therein were in the alternative, and there were certain alternative averments contained therein which failed to state any offense known to the law. When offenses are of the same character, and subject to the same punishment, the defendant may be charged with the commission of either in the same count in the alternative. But, when this is done, each alternative averment must state a complete offense. In other words, each alternative averment must present an indictable offense, or the indictment is insufficient. Hornsby v. State, 94 Ala. 55, 62, 10 So. 522; Griffin v. State, 22 Ala. App. 369, 115 So. 769; Gregory v. State, 46 Ala. 151; Shiff v. State, 84 Ala. 454, 4 So. 419, 420; State v. Nix, 165 Ala. 126, 51 So. 754; Horton v. State, 53 Ala. 488.

In Horton's Case, supra, Brickell, C. J., said: "Each alternative averment must present an indictable offense, or the indictment is insufficient * * *.· The count being in this respect bad * * * it is bad in the whole." ·

In State v. Nix, supra, the Supreme Court said: "The indictment pursues the form provided. Criminal Code 1907, p. 669, form 55. Alternative averments in an indictment must each present an indictable offense; and if, in such an indictment, one or more of the alternatives expressed charged no offense, then the indictment is bad in toto." The vice of the two counts in the present indictment, and which rendered each of said counts defective and insufficient, was the alternative charging that the accused did "buy prohibited liquors." The several offenses joined in the indictment are malum prohibitum, and, as stated in the Griffin Case, supra, there is no statute in this state to cover the alternative averment designated.

■■ The defect aforesaid in the indictment was brought directly to the attention of the court by appropriate demurrer, and the demurrer should have been sustained, but, instead of so doing, the court, upon motion of the solicitor, and without the consent of the defendant, amended the indictment by entering a nol pros as to the defective alternative averments in each count of the indictment. This also was error. The statute permits an indictment to be amended "with *the consent of the defendant*, entered of record, when the name of the defendant is incorrectly stated, or when any person, property, or matter therein stated is incorrectly described." This statute is equivalent to a declaration on the part of the Legislature that an indictment cannot be amended in any case without the defendant's consent.

"An indictment is the act of the grant jury, and should be held to be inviolable. To permit it to be amended, even in a matter that might seem to be immaterial, without the consent, and against the objection of the defendant, would be a dangerous practice, that, so far as we know, has never received the sanction of this court." Gregory v. State, supra.

In Shiff v. State, supra, the court said: "The present indictment was amended by the solicitor so as to correct a misnomer set up by plea in abatement on the part of the defendant. The judgment entry recites that it was done 'by leave of the court.' It nowhere appears from the record that the consent of the defendant was obtained, unless such consent can be implied by his failure to dissent. It is our opinion that the record should show affirmatively that the consent of the defendant was given to the amendment. Mere silence, or failure to object, ought not to operate as a forfeiture of the defendant's right to be tried on the indictment in the form it has been framed by the grand jury. It would be an unsafe rule to infer consent from mere silence on the part of the defendant in such cases, and such a practice would not be in harmony with our past rulings on other questions of an analogous character."

What has been hereinabove said applies only to indictments returned by a grand jury, and not to affidavits and complaints, as these are amendable under the express terms of the statute. Code 1923, §§ 3834, 3835.

Reversed and remanded.

PER CURIAM. Affirmed, on authority of Jinright v. State, 220 Ala. 268, 125 So. 606.