3 So.2d 431

### INGRAM v. STATE.
### 6 Div. 859.

Supreme Court of Alabama.

April 17, 1941.

Thos. S. Lawson, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the petition.

Henry H. Mize and Jonas J. Spiro, Jr., both of Tuscaloosa, opposed.

THOMAS, Justice.

The petition for certiorari is by the State to review and revise the decision of the Court of Appeals. It is averred in the petition that "The Court of Appeals erred in reversing said cause in the following ways, towit: 1. In reversing and remanding the judgment of the lower court. 2. In holding that Count 29 of the indictment was defective in that the crimes attempted to be charged were by disjunctive averments in the alternative, one of which included acts not prohibited by the statute in question."

Count 29, in question, is in the following language: "The Grand Jury of said County further charge that before the finding of this Indictment, Murphy Ingram, alias Robert Murphy Ingram, being a Deputy Sheriff of Tuscaloosa County, Alabama, knowingly took from Monroe Murphy, four one ($1.00) dollar bills, lawful paper money of the United States of America, commonly called, 'green back', of the value of four ($4.00) dollars, *as his fee for making an arrest,* which service was not actually performed by him or which was a greater fee than was allowed by law for the *said services, or was a fee other than allowed by law for said services rendered by him."* (Italics supplied.)

The Court of Appeals correctly states the rule of our decisions. In Raisler v.

State, 55 Ala. 64, Mr. Justice Stone states the rule as follows:

"* * * Several of these disjunctive averments charge no offense known to the law. The indictment thus charges that the defendant did one of several acts, many of which are not indictable under the statute. A disjunctive averment in pleading, to be sufficient, must, in each of its alternative phases, charge an indictable offense.— Andrews v. McCoy, 8 Ala. 920 (42 Am.Dec. 669); Lucas v. Oliver, 34 Ala. 626; David v. Shepard, 40 Ala. 587.

"It is due to the circuit judge that we should say, the sufficiency of the indictment does not appear to have been brought to his attention. Still, we feel bound to notice it.—1 Bish.Cr.Procedure, § 1196. * * *"

See, also, Jackson v. State, 236 Ala. 75, 182 So. 83, as to this holding in the Raisler case, supra.

The insistence of the Attorney General is as follows:

"We are not unmindful of the rule as laid down by the Court of Appeals, supra (Ingram v. State, [3 So.2d 426], but we respectfully insist that the averments of the indictment do not come within this rule. We insist that the averment 'or was a fee other than allowed by law for said services rendered by him,' was another way of stating 'or was a greater fee than was allowed by law for said services.' We insist that the second averment includes the third and that it is unreasonable to assume that the solicitor attempted to charge the defendant with taking less than the law allowed.

"The words 'other than' are synonymous with the word 'except' and create an exception. See Words and Phrases, 5th Series, Vol. 4, page 465." (Parenthesis ours.)

The reasonable construction of the language employed "or was a fee *other than* allowed by law for said services rendered by him" was considered in Lyman v. People, 198 Ill. 544, 64 N.E. 974, 975, and the holding was to the effect that the use of the words "other than," in an indictment charging that defendant was a married man having a lawful wife other than said A., cannot be construed to mean that A. was also his wife, especially where another sentence stated that said defendant and A. were not then and there married to each other. See 30 Words and Phrases, Permanent Edition, p. 492.

When the two concluding alternative phrases employed in the indictment are considered, it was the charge in both phrases that an unlawful fee was taken. The words "or was a fee" charge that the fee taken .was an illegal fee by the concluding words "other than allowed by law for said services rendered by him." Had the charge been that defendant took a fee less than that allowed by law, it would not have been an unlawful taking. If the alternative essential was that he knowingly took the amount indicated as a fee that was not allowed by law for said services rendered by him, it was an unlawful taking. Such is the reasonable construction of the last alternative clause employed in said Count 29 of the indictment.

I concur with Mr. Justice Bouldin's opinion in Brewer v. State, ante, p. 145, 3 So.2d 433, which is a similar case.

It results from the foregoing that the petition for certiorari should be and it is granted.

Writ granted.

All the Justices concur except KNIGHT, J., not sitting.