3 So.2d 433

**BREWER v. STATE.**

**6 Div. 858.**

Supreme Court of Alabama.

April 17, 1941.

Thos. S. Lawson, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the petition.

Monroe Ward, Edw. de Graffenried, and H. H. Mize, all of Tuscaloosa, opposed.

BOULDIN, Justice.

This case was decided on the authority of Murphy Ingram v. State, Ala.App., 3 So.2d 426, and must be reviewed as though that opinion was rendered in this case.

█ Count 29 charges the defendant "knowingly took from Johnnie Watson

146

* * * four dollars * * * as his fee for making an arrest, which service was not actually performed by him, or which was a greater fee than was allowed by law for the said services, or was a fee other than allowed by law for said services rendered by him."

In the first place, all these alternatives refer to the $4 taken from Johnnie Watson. The first alternative charges that defendant did not actually perform the service for which this sum was taken; the second, that it was a greater fee than allowed by law for such arrest.

The third, that this $4 was a fee other than allowed by law for said services rendered. Said services can only refer to the arrest for which the fee was taken. That $4 for making an arrest, one arrest, is greater than allowed by law is true as matter of law; therefore, a fee other than allowed by law.

Construing the statute, Code of 1923, § 4023, Code 1940, Tit. 14, § 160, the Court of Appeals says:

"It does not prohibit the taking of fees before it was due to him, or a fee other than allowed by law for said services rendered by him."

As applied to Count 29 of this indictment, this holding is erroneous. The statute does penalize taking a fee before the service is actually performed. That is what this indictment charges in one alternative. Granting the officer may take a fee less in amount than the law allows, this is not taking a fee other than allowed by law, but one within the law.

Certiorari granted.

All Justices concur, KNIGHT, J., not sitting.