[Marengo County v. Coleman.]

55   605
·135   471

# Marengo County *v.* Coleman.

*Action by County Solicitor against County, for Professional Services.*

1.   *Act reviving county claims, barred by non-presentation; constitutionality of.*—The constitution of 1868 contained no provision, which, directly or by implication, inhibited the passage of a law reviving claims against a county, which had become barred by the failure to present them within twelve months from the time they accrued (Rev. Code, § 909), and allowing them to be presented within a specified time.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. LUTHER R. SMITH.

This action was brought by Thomas W. Coleman, late county solicitor of Marengo, against the said county, to recover the sum of $343, with interest from the 1st day of January, 1868, alleged to be due to the plaintiff for professional services in criminal prosecutions during the year 1867; and was commenced on the 17th December, 1873.   The complaint alleged that the defendants in the several prosecutions, a list of which was appended, were convicted, and executions against them were regularly returned "No property found;" that the several claims were presented to the county treasurer in March, 1868, and were filed and registered as claims against the fund of fines and forfeitures; and that the claim was presented to the Commissioners' Court on the 3d November, 1873, and was by said court rejected and disallowed. The defendant demurred to the complaint, because it did not aver that the plaintiff's claim was presented within twelve months after it accrued, or became payable.   The court overruled the demurrer, and its judgment thereon is now assigned as error.

H. A. WOOLF, for appellant.—1. The special act of March 4th, 1873, suspending section 909 of the Revised Code so far as it applied to Marengo county, and reviving claims already barred, is unconstitutional.   As to the power of the legislature to pass laws of a retrospective character, see 7 Johns. 477; 3 Dallas, 391, 397; 10 Iredell, 496; 12 Geo. 437; 7 Texas, 348.   In New Hampshire it has been held, that a repeal of the statute of limitations, so far as respects claims already barred, is void.—3 N. H. 473.   But section 909 of the Revised Code is more than an ordinary statute of limitations;

it not only bars and takes away the remedy, but destroys and extinguishes the debt or claim, like the statute of non-claim. If the legislature has the power to revive claims thus extinguished by non-presentation, no administrator would be safe in making final settlement and distribution of an estate. If the power exists at all, it is unlimited as to the character of the claims which may be revived, or as to the length of time they may have been barred. Its exercise would work the greatest confusion and injustice, and bankrupt every county in the State.—Story's Conflict of Laws, 487, top; 1 Smith's Leading Cases, 786; Sedgwick on Const. Law, 683; Cooley on Const. Lim. 365; *Sharpe v. Sharpe*, 35 Ala. 574; *Ray v. Thompson*, 43 Ala. 451; *Watson v. Rose's Executor*, 51 Ala. 292; *Coosa River Steamboat Co. v. Barclay & Henderson*, 30 Ala. 120; *Br. Bank v. Hawkins*, 12 Ala. 755; 32 Ala. 611; 34 Ala. 540, 555.

J. T. JONES, *contra.*—The statute of limitations does not create any vested rights, and the legislature may revive a remedy already barred by it.—*Jones v. Jones*, 18 Ala. 248; *Page v. Matthews*, 40 Ala. 547. That section 909 (Rev. Code) is a statute of limitations, see *Grace v. Martin*, 47 Ala. 135. The debt sued on is really due from the State, though payable out of a particular fund, the county treasury, and through a particular agent, the county. The counties are mere agencies, of which the State, acting through the legislature, has all control not forbidden by the constitution.—Dillon on Municipal Corp. § 10, note 1; § 35, note 2; §§ 34, 38; Cooley's Const. Lim. 192–3; *Johnson v. Reynolds*, 44 Ala. 586–90.

MANNING, J.—Section 909 of the Revised Code, which requires claims against counties to be presented to the Courts of County Commissioners thereof, for allowance and to be audited, within twelve months after they accrue, or become payable, had its origin in a thoughtful consideration of the public interests. Supposing persons in office to be always as watchful and earnest in guarding the communities they represent, as themselves individually, against unjust demands, yet, generally, they are elected for only short terms of office, and are often superseded by others who are not informed of the transactions of their predecessors and others, out of which such demands may arise. The act of March 4th, 1873, suspending the operation of section 909, as to Marengo county, and allowing presentation to be made until January afterwards, and payment to be demanded, of any *bona fide* claim against said county that arose between the first of January, 1866, and the date of the act, may, therefore, be obnoxious

[Micou v. Ashurst.]

to much of the complaint made against it by appellant's counsel; but it is not, as he insists, unconstitutional and void.

Counties are public territorial corporations, or *quasi* corporations, created by the State as a means of exercising its political power with the aid of local administrations, so as best to insure domestic tranquillity and promote the general welfare. Being thus subordinate agencies for the orderly and good government of the State within the scope of their authority, they are subject to the control and direction of the legislature, in which chiefly the sovereignty of the State is represented and exercised This legislature can not, it is true, require or authorize them to do any thing in violation of those provisions of the constitution, that are intended to protect the people in their rights of person and property. But we think there was no infringement of any such provision of the constitution that was in force on and after March 4th, 1873, by an enactment which took from a county the privilege of refusing to pay a debt, because it was not presented within the time which a former statute prescribed.—See 1 Dillon on Mun. Corp. §§ 32, 34, and 35.

Whether such a statute would be valid or not under the present constitution, which, in section 56 of article 4, ordains: "The general assembly shall have no power to revive any right or remedy which may have become barred by lapse of time, or by any statute of this State," we need not now consider.

Let the judgment be affirmed.