# Long v. Powell.

### Bill to Cancel Mortgage.

(Decided June 3, 1915. Rehearing denied June 30, 1915. 69 South. 585.)

*Attorney and Client; Mortgage; Validity; Burden of Proof.*— Where a mortgage was executed to his attorney by the mortgagor while in jail, on a bill to set such mortgage aside, filed by the mortgagor, the attorney has the burden of showing the good faith of the transaction and that no fraud or undue influence was practiced on the mortgagor.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Bill by Richard Long against George W. Powell to cancel a mortgage on the ground of want or failure of consideration. From a decree for respondent complainant appeals. Affirmed.

RAY & COONER, for appellant.

GUNN & POWELL, for appellee.

[Long v. Powell.]

MAYFIELD, J.—This is a bill by appellant to cancel a mortgage on the ground of want of consideration or failure of consideration. The mortgage was executed by appellant while in jail under several criminal charges. He claims that the mortgage was executed to his attorney as indemnity, merely for procuring an appearance bond so that appellant could be released from jail, and that no such appearance bond was ever executed. The mortgage, on its face, has no mention or reference to any such condition, but recites that it was given to secure the payment of money, and there is no writing to show any such condition.

The mortgagee claims that the mortgage was executed to secure the mortgagee for money due him from the mortgagor, for attorney's fees due and to become due, for defending the mortgagor in the prosecution against him for violation of the criminal laws of the state. The mortgagee was corroborated by two other witnesses, as to material parts of his evidence. Aside from this, the mortgage itself was in accordance with his theory of the case. It is true that the mortgagor was in jail when he executed the mortgage, and executed it to his attorney, and this, of course, did cast on the mortgagee the burden of showing the good faith of the transaction, and that no fraud or undue influence was practiced upon the mortgagor. We think the mortgagee has met the burden, and we agree with the trial court that the complainant was not entitled to the relief prayed.

The decree appealed from must be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.