(75 South. 647)

MEHAFFEY v. STATE. (6 Div. 307.)

(Court of Appeals of Alabama. May 8, 1917.)

1. EMBEZZLEMENT ⊙═▷13—SERVANT OR EMPLOYÉ OF COMPANY—STATUTE.

A mere servant or employé of a company who converts money or property coming into his possession by virtue of his employment is not guilty of embezzlement under Code 1907, § 6828, providing that any officer, agent, or clerk of an incorporated company who embezzles or fraudulently converts, etc., money or property which has come into his possession by virtue of his office or employment must be punished on conviction as if he had stolen it, since only persons holding positions of trust and authority are covered by the statute.

[Ed. Note.—For other cases, see Embezzlement, Cent. Dig. §§ 11, 12.]

2. EMBEZZLEMENT ⊙═▷26—INDICTMENT—FORM —STATUTE.

The form of indictment prescribed for embezzlement by Code 1907, § 7161, form 49, applies only to officers of incorporated banks.

[Ed. Note.—For other cases, see Embezzlement, Cent. Dig. §§ 37, 38.]

3. EMBEZZLEMENT ⊙═▷26—INDICTMENT—STATUTE.

The first count of an indictment for embezzlement, charging that defendant, being at the time the servant, agent, or employé of a corporation, embezzled, etc., and the second count, charging that defendant, being at the time the clerk, agent, or servant of the company, embezzled, etc., were fatally defective, since two of the alternatives in the first and one in the second did not describe a person within the embezzlement statute (Code 1907, § 6828).

[Ed. Note.—For other cases, see Embezzlement, Cent. Dig. §§ 37, 38.]

4. CRIMINAL LAW ⊙═▷1032(5) — INDICTMENT AND INFORMATION ⊙═▷202(5)—SUBSTANTIAL DEFECT—RESERVATION OF GROUNDS OF REVIEW—NECESSITY.

Where a defect in an indictment is of substance and involves an element of the offense, the indictment will not support a judgment, and it is the duty of the Court of Appeals to notice it, though no objection was taken to the indictment below, but a different rule prevails where the defect, though one of substance, does not relate to an element of the offense charged.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2627; Indictment and Information, Cent. Dig. § 645.]

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

John M. Mehaffey was convicted of an offense, and he appeals. Reversed and remanded.

Felix E. Blackburn, of Birmingham, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BROWN, P. J. [1] A mere servant or employé of an incorporated company who converts money or property coming into his possession by virtue of his employment would not be guilty of embezzlement under section 6828, Code 1907. The language of the statute is:

"Any officer, agent, or clerk of an incorporated company or municipal corporation * * * who embezzles or fraudulently converts to his own use, or to the use of another, or fraudulently secretes with intent to convert to his own use, or to the use of another, any money or property which has come into his possession by virtue of his office or employment must be punished, on conviction, as if he had stolen it." Code 1907, § 6828.

It is only persons holding positions of trust and authority in incorporated companies that are covered by this statute.

[2] The form prescribed for embezzlement only applies to officers of incorporated banks, and is not applicable to this case. Code 1907, § 7161, form 49, p. 668.

The first count charges that the defendant, "being at the time the servant, agent, or employé of the Metropolitan Life Insurance Company, a body corporate," etc., and the second count charges that the defendant, "being at the time the clerk, agent, or servant" of said insurance company, embezzled, etc.,

[3] It will be noted that two of the alternatives in the first count and one in the second count do not describe a person within the statute. This renders both counts fatally defective. State v. Nix, 165 Ala. 126, 51 South. 754; Raisler v. State, 55 Ala. 64; Horton v. State, 53 Ala. 493; Hornsby v. State, 94 Ala. 55, 10 South. 522.

[4] The defect being of substance and involving an element of the offense, the indictment will not support a judgment, and it is the duty of this court to notice it, although no objection was taken to the indictment in the trial court. Raisler v. State, supra; Emmonds v. State, 87 Ala. 12, 6 South. 54.

A different rule prevails where the defect, though one of substance, does not relate to an element of the offense charged. Hornsby v. State, supra; Gaines v. State, 146 Ala. 16, 41 South. 865.

The other questions presented will probably not arise on another trial, and are not considered.

Reversed and remanded.