(76 South. 413)

COLLINS v. STATE. (3 Div. 271.)

(Court of Appeals of Alabama. May 29, 1917. Rehearing Denied June 15, 1917.)

1. EMBEZZLEMENT ⬤⟹32—INDICTMENT—STATUTE.

Under Code 1907, § 6828, providing that any officer, agent, or clerk of an incorporated company, who embezzles any money which has come into his possession by virtue of his office or employment, must be punished on conviction as if he had stolen it, an indictment charging that defendant, who was at the time "the agent or servant" of a telegraph company, a corporation, did embezzle, etc., was fatally defective, by reason of the alternative averment "or servant," since an indictment by unequivocal averments must charge every essential element of the offense, while that defendant is an officer, agent, or clerk of an incorporated company is one of the essential elements of the offense sought to be charged.

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

2. INDICTMENT AND INFORMATION ⬅154 — OMISSION TO CHARGE ELEMENT OF OFFENSE.

If the defect in an indictment is the omission to charge a constituent element of the offense, it will be noticed in the absence of demurrer.

Appeal from Circuit Court, Montgomery County; W. W. Pearson, Judge.

John L. Collins was convicted of an offense, and he appeals. Reversed and remanded.

C. H. Roquemore and E. T. Graham, both of Montgomery, for appellant. W. L. Martin, Atty. Gen., and W. T. Seibels, Sol., R. G. Arrington, Asst. Sol., and Rushton, Williams & Crenshaw, all of Montgomery, for the State.

BROWN, P. J. The indictment charges that the defendant, "who was at the time the agent or servant of the Western Union Telegraph Company, a corporation, did embezzle or fraudulently convert to his own use money to about the amount of $1,100, the property of the Western Union Telegraph Company, a corporation, which money came into his possession by virtue of his office or employment, against the peace," etc.

[1] On the authority of Mehaffey v. State, 75 South. 647,[1] and authorities there cited, the indictment is rendered fatally defective by the alternative averment "or servant," and will not support the judgment of conviction. "A mere servant or employé of an incorporated company, who converts money or property coming into his possession by virtue of his employment, would not be guilty of embezzlement under section 6828, Code 1907. The language of the statute is: 'Any officer, agent, or clerk of an incorporated company or municipal corporation * * * who embezzles or fraudulently converts to his own use, or to the use of another, * * * any money or property which has come into his possession by virtue of his office or employment must be punished, on conviction, as if he had stolen it.' Code 1907, § 6828. It is only persons holding positions of trust and authority in incorporated companies that are covered by this statute." Mehaffey v. State, supra. The observation of the Supreme Court in Raisler's Case is appropriate here:

"It is due to the circuit judge that we should say, the sufficiency of the indictment does not appear to have been brought to his attention. Still we feel bound to notice it." Raisler v. State, 55 Ala. 64.

The contention is made by the state in the application for rehearing that one of the alternative averments in the indictment describes a person amenable to the statute (Code 1907, § 6828), and therefore the judgment of conviction, on authority of Hornsby v. State, 94 Ala. 55, 10 South. 522, must be referred to the good alternative averment, and the other treated as surplusage. The fault of this position is that the averment describing the defendant as a person amenable to the statute is not an unequivocal averment that the defendant is in a class covered by the statute, but that he is in that class or in a class not within the purview of the statute. Brooms v. State, 73 South. 36, 38;[2] Raisler v. State, 55 Ala. 64; State v. Nix, 165 Ala. 126, 51 South. 754. The rule of pleading requires that the indictment, by unequivocal averments, charge every essential element of the offense. Noah v. State, 72 South. 611;[3] Ex parte State (Noah v. State), 197 Ala. 703, 72 South. 613.

That the defendant is an officer, agent, or clerk of an incorporated company is one of the essential elements of the offense sought to be charged by the indictment. Pullam v. State, 78 Ala. 31, 56 Am. Rep. 21. The defects in the indictment treated in Hornsby v. State, supra, and Gaines v. State, 146 Ala. 16, 41 South. 865, while defects of substance, did not involve the omission of an element of the offense charged, and this fact distinguishes these cases from the one presented here, as appears from the following expression in the case last cited:

"The means with which the offense charged was committed, however, is not, in an indictment for murder, a constituent element of the offense. The unlawful killing, with malice aforethought, regardless of the means employed, constitutes murder. Every constituent element of murder is averred in the indictment. The omission to aver the means employed, though in a sense a defect of substance, and not one of mere form, yet is such a defect as must be taken advantage of by demurrer."

[2] If, however, the defect is the omission to charge a constituent element of the offense, as in this case, the defect will be noticed in the absence of a demurrer. Raisler v. State, supra. Suppose the indictment charged that the defendant, who was at the time an agent, or the first cousin of an agent, of the Western Union Telegraph Company, a corporation, etc. Would it be contended that it charged an offense under section 6828 of the Code? We think not, yet such indictment would be just as good as the one under which the defendant was convicted. Let the judgment be reversed and the case remanded.

Reversed and remanded.

16 ALA.APP.—12          [1] Ante, p. 99.          [2] 197 Ala. 419.          [3] 15 Ala. App. 142.