## TILLMAN v. GAZAWAY et al.

No. 17465. Opinion Filed Dec. 13, 1927.

(Syllabus.)

**1. Attorney and Client—No Confidential Relationship as to Contract of Employment Made Before Legal Services Begun.**

Where a prospective client makes a contract for the employment of an attorney before the attorney enters on the business of such party, no confidential relationship exists, and the contract will stand on the same footing as any contract between persons competent to contract.

**2. Fraud—Latitude and Sufficiency of Evidence.**

A wide latitude is allowed in cases of fraud, and circumstances altogether inconclusive, if separately considered, may, by their number and joint operation, especially when corroborated by moral coincidences, be sufficient to constitute conclusive proof. Wingate v. Render, 58 Okla. 656, 160 Pac. 614.

**3. Appeal and Error—Trial—Error in Instructions in Equity Case Immaterial.**

The giving of an erroneous instruction to a jury in an equity case is not error, as the verdict of the jury is only advisory to the court. Both questions of law and fact must be finally determined by the court himself.

**4. Attorney and Client—Cancellation of Deed Made to Attorney Sustained.**

Record examined. and held. that the finding of the lower court is not clearly against the weight of the evidence.

Commissioners' Opinion, Division No. 1.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Marshall Gazaway and another against Fred A Tillman for cancellation of a deed. Judgment canceling deed, and defendant appeals. Affirmed.

Tillman, Tillman & Pierson, for plaintiff in error.

John B. Ogden and Champion, Champion & George, for defendants in error.

FOSTER, C. This action is brought to cancel a deed given by defendant in error, plaintiff below, to plaintiff in error, defendant below, executed in payment of an attorney's fee.

The plaintiff was arrested in Osage county on the charge of highway robbery, committed at Guthrie, and was taken by a deputy sheriff to Pawhuska to the office of the defendant, and said defendant was employed to represent him for alleged crime in Logan county.

The evidence introduced at the trial is conflicting, plaintiff contending that after he informed the deputy sheriff of his participation in the robbery at Guthrie, the deputy sheriff told him he should employ an attorney; that he took him to Pawhuska, and the deputy sheriff and plaintiff—or rather the plaintiff's law partner—had a private conference out of the hearing of the plaintiff, and the defendant then informed plaintiff that he had a very serious case, and asked what he could pay as a fee. Upon being informed that he owned an automobile and 40 acres of land, he was asked by the attorney for a deed to the land and a bill of sale for the automobile. The deputy sheriff, in the presence of the attorney, told the plaintiff that unless he executed the deed he (the deputy sheriff) would send him to the penitentiary for 25 years. That thereupon he executed the deed to John Tillman, as trustee for the firm of Tillman, Tillman & Pierson, and also a bill of sale for the automobile, and the deputy sheriff and defendant accompanied him to Guthrie, and, after conversation with the county attorney of Logan county, the case against this plaintiff was dismissed upon the agreement by the plaintiff that he would testify against his two companions who were jointly charged with the robbery. His two companions pleaded guilty, and no action whatever was taken against the plaintiff.

The testimony shows that the automobile was worth from $400 to $1,200, and the land from $1,000 to $2,000; the defendant contending that plaintiff came to his office and employed his firm to represent him in the criminal case, gave him a bill of sale to his automobile on condition that he go to Guthrie, and further promised at that time that, should the defendant be successful in securing the release of plaintiff, he would give him a deed to the 40 acres in question. Both deed and bill of sale bear the same date as that of the contract. The land was located in Carter county, and the plaintiff files this suit to cancel the deed. Plaintiff testified in person before the court, and two members of the defendant's law firm, together with the county attorney of Logan county, and the deputy sheriff of Osage county, who made the arrest, testified by deposition.

The matter was submitted to a jury, who found in favor of the plaintiff, and the court approved the verdict of the jury, and entered a judgment canceling the deed.

The defendant in his motion for a new trial and the petition in error sets up many assignments, but the same are argued under two propositions: First, that the judgment is against the clear weight of the evidence; and second, that the court erred in giving instruction No. 5.

In a proceeding in equity, such as the one at bar, it is the duty of the court to examine the whole record and weigh the evidence, and unless the judgment is against the clear weight of the evidence, the same will not be disturbed by this court.

Where fraud is alleged in an equity case, the same may be inferred by the circumstances, but the circumstances must be such as to show that fraud was clearly brought home to the opposite party by convincing proof. Fraud cannot be inferred from facts which may be consistent with an honest purpose, but must be proved by clear and convincing testimony, honesty and fair dealing as a rule being assumed. Ely Walker v. Smith, 69 Okla. 261, 160 Pac. 898; Davis v. Howe, 99 Okla. 118, 226 Pac. 316.

This rule is especially true where the allegations of fraud reflect upon the business reputation and integrity of the parties. Pierce v. Pierce (Mich.) 22 N. W. 81.

The plaintiff in this case contends that a fiduciary relationship exists, and the making of a deed during such relationship is sufficient in itself to raise the presumption of fraud, and the burden shifts to the defendant to show that the contract was made in good faith and for a valuable consideration, and that the transaction was fair and reasonable and no fraud was practiced.

It has been unanimously held by all courts that the relationship between attorney and client, after the relationship is established, is of the very highest confidential nature, and that any contract then made for the benefit of an attorney should be carefully scrutinized by the court, and the burden is upon the attorney to show that there was no fraud or misrepresentation practiced.

However, where a client makes a contract for the employment of an attorney before the attorney enters on the business of his client, a different rule applies, and in such a case the relationship having not yet commenced, contracts between them will stand on the same footing as any contract made between persons competent to contract. Egan v. Burnight (S. D.) 149 N. W. 176;

Cooley v. Miller (Cal.) 105 Pac. 981; Dockery v. McClellan (Wis.) 67 N. W. 733; Elmore v. Johnson (Ill.) 32 N. E. 413, 36 A. S. R. 401, 21 L. R. A. 366, and 6 C. J. 688, sec. 212.

It appears in the case at bar that this contract was made before Tillman entered on the business of his client as an attorney, and we therefore hold that no fiduciary relationship, such as is universally held to exist between attorney and client, existed in the case at bar at the time of entering into the contract.

It does appear, however, that at the time the contract was entered into, the plaintiff was a young man, under arrest for the first time, in charge of an officer, a long distance from his home, and confronted with a serious criminal charge.

Under such conditions, although the relationship of attorney and client does not exist, it cannot be said that the parties are contracting on an equal basis; and while we believe the burden is upon the plaintiff to show that fraud was practiced upon him by clear and convincing testimony, yet, in cases of fraud, a wide latitude is allowed, and each case must be considered from the facts and circumstances peculiar to itself.

In the case of Long v. Powell, 194 Ala. 438, 69 South. 585, a deed was given by a man while in jail, charged with a criminal offense, to an attorney for the purpose of retaining said attorney to defend him. The court held in that case the burden was upon the attorney to show that the transaction was fair, without fraud, and above suspicion. However, in that case there was some testimony that a part of the consideration was for services previously rendered.

We do not hold that the burden was upon Tillman in this case to show that the transaction was fair, without fraud, and above suspicion. It was the plaintiff's burden to show fraud by clear and convincing testimony, and, as is stated in the case of Wingate v. Render, 58 Okla. 656, 160 Pac. 614, a wide latitude is allowed in cases of fraud, and circumstances altogether inconclusive, if separately considered, may, by their number and joint operation, especially when corroborated by moral coincidences, be sufficient to constitute conclusive proof.

In cases where fraud is alleged, it is largely a matter for the sound discretion of the court, and he should take into consideration the necessities or distress of the party against whom fraud is alleged to have been practiced, and all the circumstances and conditions under which he was placed at the time of the execution of the contract or deed.

It is contended that the amount charged in this case is sufficient to show fraud, in that the same was unreasonable. We do not think the amount of the attorney's charge in this case was so unreasonable that it would in itself invalidate the contract and make void the deed. It clearly appears that Tillman performed all services necessary, and that the same were perfectly satisfactory. But, owing to the other facts and circumstances under which this contract was entered into, and remembering that the amount of the fee was between $1,500 and $3,000—this being all the property that plaintiff owned—we believe the amount of the fee, together with the other facts and circumstances, is proper to be considered in determining whether or not fraud was actually practiced upon the plaintiff.

In the case at bar, the plaintiff testified that he was taken by a deputy sheriff to the office of the defendant; that the deputy sheriff went to see the attorney before the plaintiff was taken there; that after they arrived at the attorney's office, the deputy sheriff had a private conversation with the attorney, and thereupon the attorney, in the presence of the officer and without asking him to state his case, advised him of the seriousness of the charge, and that he was liable to be sent to the penitentiary for 25 years, and that the deputy sheriff in the presence of the attorney threatened to send him to the penitentiary for 25 years unless he signed the deed to the land in question and a bill of sale to an automobile. This testimony is denied by both the deputy sheriff and the defendant, and while the testimony is conflicting, we believe that, since the trial court had an opportunity to see the witnesses stand and observe their conduct upon the witness stand, together with all the facts and circumstances as presented by this record, this court cannot say that the judgment of the lower court was against the clear weight of the evidence.

The next contention is that the court erred in giving instruction No. 5. We do not believe there is any merit to this contention, for the reason that in an equity case the verdict of the jury is advisory only, and does not bind the court in any sense. It is not only the right, but the duty of the court to finally determine the questions of fact as well as the questions of law, and therefore the giving of an instruction or the refusal to give an instruction, regardless of whether it correctly states the law, cannot

be assigned as error. Success Realty Co. v. Trowbridge, 50 Okla. 402, 150 Pac. 898; Barnes v. Lynch, 9 Okla. 191, 59 Pac. 995; Okla. Trust Co. v. Stein, 39 Okla. 756, 136 Pac. 746, and numerous other cases.

We have carefully examined the record in this case and from a consideration of the same cannot say that the judgment of the trial court was against the clear weight of the evidence.

It, therefore, follows that the judgment of the district court of Carter county should be and is hereby affirmed.

BENNETT, TEEHEE, LEACH, and REID, Commissioners, concur.

By the Court: It is so ordered.