## GREEN v. FIRESTONE TIRE & RUBBER CO.

### 7 Div. 98.

Court of Appeals of Alabama.

June 4, 1935.

A. L. Crumpton, of Ashland, for appellant.

Pruet & Glass, of Ashland, and Robt. E. Smith, of Birmingham, for appellee.

SAMFORD, Judge.

This was an action on the common counts for goods, wares, and merchandise sold and delivered on open account and on account stated. The defendant sets up by way of set-off and recoupment the breach of a contract in the sale of from eight to twelve thousand dollars worth of merchandise, and claiming damages for the breach in the sum of $3,000.

There were demurrers to these pleas, replications, rejoinders, and surrejoinders, and demurrers to each pleading as filed, and finally issue was joined and verdict rendered for plaintiff for $440.03, being an amount of something like $300 less than plaintiff's claim. Defendant thereupon filed motion alleging that the verdict was contrary to the great weight of the evidence, and that the recovery on the plea of set-off was inadequate. This motion was overruled.

No question is raised on the pleading on this appeal, nor on the given or refused charges of the court, so those questions are eliminated from consideration here.

The only question presented on this appeal is the inadequacy of the recovery on the plea of set-off. As to this there is no way for the court to know how the jury arrived at its verdict.

But we are clear to the conclusion, that however or by what process the jury arrived at the verdict allowing defendant a credit of some $300 on the account sued on, such act was not to the injury of defendant, and he therefore cannot complain.

The contract alleged to have been breached and for which damages were claimed by defendant on his plea was for the sale of not less than $8,000 worth of merchandise, no part of which was delivered, nothing was given in earnest to bind the contract or in part payment, and no note or memorandum of the sale was in writing and signed by the party sought to be charged. The contract was therefore unenforceable. Acts 1931, pp. 570, 571, § 4.

Another reason why defendant could not recover on his plea is an entire absence of any evidence as to the true measure of damages. The contract was for the sale of automobile tires and accessories to the school board for its school busses in Clay county, which tires and accessories were to be paid for with school warrants of the county sent direct to plaintiff by the county superintendent, and plaintiff was then to pay defendant his profit. What this profit was to be nowhere appears in the evidence. It is true the evidence discloses that these school warrants were only worth 75 cents on the dollar, but that fact would not fix defendant's profit or entitle him to the 25 per cent. discount on the goods sold. If plaintiff was willing to accept the warrants at par and wait for payment, that was a matter not affecting defendant.

Under the evidence in this record, the defendant was not injured by the verdict rendered. The judgment is affirmed.

Affirmed.