69·So.2d 293

SPURLOCK v. STATE.

4 Div. 248.

Court of Appeals of Alabama.

Nov. 24, 1953.

Rehearing Denied Dec. 22, 1953.

J. N. Mullins, Dothan, for appellant.

Si Garrett, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The appellant was convicted in the court below on the following count of the indictment:

"The Grand Jury of said County further charge, that before the finding of this Indictment, Arthur Spurlock, the officer, agent, clerk, employee or servant of Stancil Boyd, did embezzle or fraudulently convert to his own use, or the use of another, or fraudulently secreted with the intent to convert to his own use, or the use of another, one cow which had come into his possession by virtue of his office, agency, employment, or apprenticeship, against the Peace and dignity of the State of. Ala-. bama."

The accused did not testify at the trial nor tender any evidence in his behalf. The facts are without substantial conflict.

Stancil Boyd bought a cow from James Baughman for a cash consideration. At the time of the trade the animal had a suck-ling calf and was in the possession of the. appellant. The calf. was not purchased by Boyd. Boyd agreed that the accused could. keep the cow until she was ready .to be separated from her calf. No monetary. charge was involved in this agreement. Before delivery was contemplated or expected, the appellant sold the cow to a stock dealer in Dothan, Alabama. This was with-out the knowledge or consent of the owner, Boyd.

It is clear that the prosecution is based on Title 14, § 126, Cumulative Pocket Part, Code 1940.

■ This section first appeared in Code 1852, § 3143. With slight addenda it has been carried in each subsequently adopted code. The legislature of 1945 added some descriptive words, among them "employee." These additions indicate a legislative intent and purpose to make the section more illustrative, specific, and inclusive.

To sustain the.judgment below we must address our review to the construction, to be placed on the word "agent."

Under the above delineated facts it is not necessary to point out the inapplicability of the other relationships set out in the statute.

■ We are concerned with a penal statute and strict construction must be enforced and applied.

In Pullam v. State, 78 Ala. 31, 56 Am. Rep. 21, the Supreme Court had under consideration a.judgment of conviction for embezzlement as declared and defined by Section 4377, Code 1876, now Section 126, Title 14, supra. In the body of the opinion we find:

■ "While the term 'agent' has a wide application, and comprehends many classes of persons, who are specially designated otherwise, it is not employed in the section with this large signification. As used in the statute, it is to be construed in its popular sense; meaning 'one who undertakes to transact some business, or to manage some affair, for another, by the authority and

on account of the latter, and to render an account of it;' a substitute. 1 Bouv.Law Dict. 135; Hinderer v. The State, 38 Ala. 415. Agent, as employed in this section, imports a principal, and implies employment, service, delegated authority to do something in the name and stead of the principal—an employment by virtue of which the money or property came into his possession. The employment need not be permanent. It may be temporary, or occasional; and general, to transact any business; or special, to make a single transaction."

See also, *29 C.J.S., Embezzlement, § 15,* p. 691; Brewer v. State, 83 Ala. 113, 3 So. 816; Echols v. State, 158 Ala. 48, 48 So. 347.

In construing the instant section in its original form, the Supreme Court observed in Hinderer v. State, 38 Ala. 415:

"Agent, in the sense here employed, means, 'one who is authorized to act for another; a substitute; a deputy; a factor.' "

■ In the case at bar, among other essential requirements of proof, the State carried the burden of establishing by the evidence that the relationship of principal and agent existed between Boyd and the accused. Mauldin v. State, 28 Ala.App. 30, 177 So. 309.

■ In our view in this factual aspect the prosecution failed.

The court erred in refusing the general affirmative charge at the defendant's request.

Judgment below is ordered reversed and the cause remanded.

Reversed and Remanded.

## On Rehearing.

On application for rehearing the Assistant Attorney General points out an aspect of the evidence to which we did not refer in our original opinion.

About a week or ten days before the appellant sold the cow he had a conversation with the owner in which the former stated that the cow was about dry and that he (appellant) would bring the animal home in a few days.

In brief the Assistant Attorney General states:

"While the State admits that a bailor-bailee relationship existed between Mr. Boyd and the appellant prior to the time of this conversation, we submit that this relationship was changed to a principal-agent relationship when it was agreed at this store in Cottonwood that Mr. Spurlock would deliver the cow to Mr. Boyd within a few days after said conversation took place."

There was no express stipulation that the appellant would return the cow when it was agreed that he might keep her until she was dry, but in the absence of this agreement the duty was imposed on the bailee to return the property to the owner at such time.

That is to say, the bailment terminated when the object for which it was made was accomplished and then it devolved on the appellant to return the cow. Benje v. Creagh's Admr., 21 Ala. 151; Lay's Exr. v. Lawson's Admr., 23 Ala. 377.

■ The content of the indicated conversation did not have the effect of changing the relationship from a bailment to that of principal and agent.

The application for rehearing is overruled.