253 So.2d 337

George **GRIFFIN**, Alias

v.

**STATE.**

**6 Div. 5.**

Court of Criminal Appeals of Alabama.

Oct. 6, 1970.

Rehearing Denied Nov. 17, 1970.

McCollough & McCollough, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

CATES, Judge.

Upon a consideration of the application of the appellant for a rehearing, the former opinion is withdrawn and the following becomes the opinion of the court.

Hindering a creditor by removing, etc., a mortgaged car; Code 1940, T. 14, § 363; three years in the penitentiary.

 The instrument on which the State pitched its case was signed by the defendant in May, 1964. However, other than its printed words it was at that time otherwise completely blank and undated, without a description of the car, without a vendee, without a purchase price, without covenants of warranty or limitations, exceptions, reservations or exceptions. As such it was a nullity under the Statute of Frauds in the Sales Act then extant. Code 1940, T. 57, § 10. Hammond v. Winchester, 82 Ala. 470, 2 So. 892; Riley v. Capital Air Lines, Inc., D.C., 185 F.Supp. 165; Green v. Firestone Tire & Rubber Co., 26 Ala.App. 454, 161 So. 833.

Moreover, the blank signed form was delivered to Griffin's then attorney who himself wrote a contemporaneous note:

"I will put auto in storage—Use as security on expenses involved in case—he is to continue to make payments on auto."

No other written proof extrinsic to the blank bill of sale was adduced by the State.

Later on July 24, 1964, the lawyer filled in the blanks of the bill of sale making *himself* the vendee for $1500.00, excluding a chattel mortgage for an estimated $950.-00 [not here of concern], described the car and inserted July 23, 1964 as the date of Griffin's signature.

On the same day, July 24, 1964, the lawyer testified that he sold the car for $1700.-00 to one Flavius Coleman. For $900.00 the attorney stated that he got a net pay-off and cancellation of the chattel mortgage of Credit Services Corporation.

 This attorney was, by virtue of a recording on March 2, 1964, in the probate office, on constructive notice of a chattel mortgage conveying the car and other goods to Clarice Cox to secure $2,500.00. He received actual notice in September or October 1964 from the District Attorney's office. Whether or not he had already disbursed the remainder of the purchase price paid by Flavius Coleman does not appear in the record before us.

The defendant testified that he signed the blank bill of sale on a Sunday afternoon in the lawyer's office, only himself and the lawyer being present. The State's proof casts doubt on this account only by indirection, i. e. that one W. O. Jackson was also present and witnessed the signature. Yet Jackson was not a witness at the trial.

Williston on Sales, Vol. 1, § 112, regarding § 4 of the Sales Act, which was embodied in Code 1940, T. 57, § 10, says:

"Where attempt is made to authorize the other party to the contract to fill in the blanks an insuperable difficulty arises. As will be seen, one party to a contract cannot make the other his agent to execute a memorandum. An agency to fill in blanks seems in effect the same thing. At the time the signature is made it does not authenticate the memorandum and unless the blanks are filled in by some one, himself capable to signing the document effectually, so that his adoption of the signature already there may be regarded as a signing at that time, there can be no signed memorandum. The question in regard to the correction of a

memorandum is similar. Anybody but the other party to the contract may be authorized to correct an existing memorandum, but the other party on principle may not." (footnotes omitted)

In Walker v. Palmer, 24 Ala. 358, it is said that an agent authorized to sell cannot sell to himself. Such a transaction is void as respects the principal unless ratified. Clay v. Cummins, 201 Ala. 34, 77 So. 328; Myers v. Ellison, 249 Ala. 367, 31 So.2d 353.

We are not privy as to the details of the attorney's sale of the car to Flavius Coleman. See Dearing v. Lightfoot, 16 Ala. 28.

We do not say a lawyer may not take a mortgage to secure his fee. But an attorney who does business with his client must be prepared to turn square corners. Verner v. Mosely, 221 Ala. 36, 127 So. 527.

In Long v. Powell, 194 Ala. 438, 69 So. 585, the court, per Mayfield, J., said:

"* * * It is true that the mortgagor was in jail when he executed the mortgage, and executed it to his attorney, and this, of course, did cast on the mortgagee the burden of showing the good faith of the transaction, and that no fraud or undue influence was practiced upon the mortgagor. * * *."

Code 1940, T. 9, § 21, reads as follows:

"All contracts made on Sunday, unless for the advancement of religion, or in the execution, or for the performance of some work of charity, or in case of necessity, or contracts for carrying passengers or perishable freight or transmissions of telegrams or for the performance of any duty authorized or required by law to be done on Sunday are void."

■ Viewed from verdict most favorably to the State, the bill of sale in blank must, nevertheless, under Long v. Powell, supra, be here taken as executed on Sun-

day. It can only be treated as a contract of agency to Jones to fill in the blanks. It was not for a purpose permitted under § 21, supra.

In Gooch v. State, 249 Ala. 477, 31 So.2d 776, we find:

"So, a check given on Sunday, unless for one of the purposes permitted by law as set forth in the Sunday statute, would be void and not the subject of forgery."

And we quote from Williams v. State, 37 Ala.App. 572, 72 So.2d 858:

"The effect of the Supreme Court decision [in Gooch] is that a check given on a Sunday is void and cannot be made the subject of forgery. To avoid this apparent defect the indictment must allege extrinsic facts which would enable the court to determine that it is valid.

"Under this authority the indictment in the case at bar does not on its face charge any offense. It is the duty of this court to take note of this defect and to declare that it will not support the judgment of conviction. Mehaffey v. State, 16 Ala.App. 99, 75 So. 647; Brown v. State, 32 Ala.App. 246, 24 So. 2d 450.

"It may be noted the evidence in the case discloses that the forgery and the uttering of the check took place on the Sunday the instrument is dated." (bracketed material added)

■ To summarize, we conclude that the State's proof has, particularly to establish the requisite mens rea, fallen short in these respects:

1. The execution of the blank bill of sale to one in a relationship uberrimae fidei requires clear and convincing proof that Jones was an agent with power to sell to himself;

2. The relationship requires Jones to prove all aspects of the transaction such as

a detailed accounting of Coleman's payment, the repair expenses claimed against the car by Jones and the like;

3. The production of the witness Jackson to testify as to what Griffin might have said in his presence and as to whether or not Griffin signed on a Sunday; and

4. The purported ratification should have been shown to have been made with Griffin's knowledge as to the variations from Jones's original fiduciary authority.

Finally, Jones's duty in inserting a warranty against the mortgage would seem to require him to make a search of the index of the probate records.

For the denial of the appellant's motion to exclude the State's evidence and of the request for the affirmative charge, we consider that error has been made to appear. The appellant's motion for rehearing is granted and the judgment below is reversed and the cause remanded as for venire de novo.

Reversed and remanded.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.