This case involves the embezzlement of a truck engine by the defendant, the former superintendent of a Tuscaloosa County automotive shop. The engine had been removed from a motor vehicle owned by the County because it was defective. A jury found the defendant guilty of the embezzlement of property "less than $25.00 as charged in the indictment." This form of verdict was proper and responsive to the indictment. Huffman v.State, 89 Ala. 33, 205 So. 619 (1889). Sentence was nine months' imprisonment and a fine of five hundred dollars.
The controlling issue is whether or not an "agent, servant or employee" of a county may be prosecuted under Alabama Code 1975, Section 13-3-20, for the embezzlement of property belonging to the county.
Section 13-3-20, under which the defendant was indicted, is a penal statute and must be strictly construed. Spurlock v.State, 37 Ala. App. 390, 69 So.2d 293 (1953). That section provides:
 "Any officer, agent, clerk, employee or servant of any incorporated company, association of persons, partnership or municipal corporation, or agent, clerk, employee, servant or apprentice of any private person or persons who embezzles or fraudulently converts to his own use or the use of another, or fraudulently secretes with intent to convert to his own use or the use of another, any money or property which has come into his possession by virtue of his office, agency, employment or apprenticeship shall be punished, on conviction, as if he had stolen it." (emphasis added)
In Mehaffey v. State, 16 Ala. App. 99, 75 So. 647 (1917), an indictment under the forerunner of Section 13-3-20 was declared to be fatally defective because it described the defendant as being a "servant, agent, or employee" when the statute, at that time, was limited to any "officer, agent, or clerk." The indictment was defective because some of the alternative averments in the indictment did not describe a person within the statute. This rendered the indictment "fatally defective".
The court found this defect to be "of substance" and to involve an element of the offense. Mehaffey,16 Ala. App. at 100.
 "That the defendant is an officer, agent, or clerk of an incorporated company is one of the essential elements of the offense sought to be charged by the indictment." Collins v. State, 16 Ala. App. 176, 177, 76 So. 413, reversed on other grounds, Ex parte State v. Collins, 200 Ala. 503, 76 So. 445 (1917).
The defendant was an employee of the county. A county is an agency and political subdivision of the state created by law for the more efficient administration of government. Kendrickv. State ex rel. Shoemaker, 256 Ala. 206, 54 So.2d 442 (1951). Although it has been said that a county is "in a sense" a municipal corporation, Kumpe v. Bynum, 158 Ala. 311, 48 So. 55
(1908), it is not in fact a municipal corporation. Dunn v.Court of County Revenues of Wilcox County, 85 Ala. 144,4 So. 661 (1887); Moore v. Walker County, 236 Ala. 688, 185 So. 175
(1939). And although a county has been recognized as being a "quasi corporation" it is not a corporation proper. HousingAuthority of Birmingham Dist. v. Morris, 244 Ala. 557,14 So.2d 527 (1943); Marengo County v. Coleman, 55 Ala. 605 (1876). Although recognized by statute as a "body corporate", Alabama Code 1975, Section 11-1-2, a county is a corporation only in a restricted sense. Hamilton v. Jefferson County, 209 Ala. 517,96 So. 628 (1923); Askew v. Hale County, *Page 1241 54 Ala. 639 (1875). And, although a corporation may be included in statutes which refer to the rights of a "person" or "persons",Calhoun County v. Brandon, 237 Ala. 537, 187 So. 868 (1939), it has been held not to be an "association". In re Opinion of theJustices, 266 Ala. 363, 96 So.2d 634 (1957).
There are several long-settled rules of statutory construction which we are bound to follow in our review of this cause.
 "A basic rule of review in criminal cases is that criminal statutes are to be strictly construed in favor of those persons sought to be subjected to their operation, i.e., defendants. Schenher v. State, 38 Ala. App. 573, 90 So.2d 234, cert. denied, 265 Ala. 700, 90 So.2d 238 (1956).
 "Penal statutes are to reach no further in meaning than their words. Fuller v. State, 257 Ala. 502, 60 So.2d 202 (1952). "One who commits an act which does not come within the words of a criminal statute, according to the general and popular understanding of those words, when they are not used technically, is not to be punished thereunder, merely because the act may contravene the policy of the statute. Fuller v. State, supra, citing Young's Case, 58 Ala. 358
(1877).
 "No person is to be made subject to penal statutes by implication and all doubts concerning their interpretation are to predominate in favor of the accused. Fuller v. State, supra." Clements v. State, 370 So.2d 723, 725 (Ala. 1979).
Just as the term "agent" as used in the embezzlement statute must be construed in its popular sense, Spurlock v. State,37 Ala. App. 390, 69 So.2d 293 (1954), so must the term "association of persons". While the term "association of persons" has been often and not inaptly employed to describe a corporation, United States v. Munday, 222 U.S. 175,32 S.Ct. 53, 56 L.Ed. 149 (1911), United States v. Trinidad Coal andCoking Co., 137 U.S. 160, 11 S.Ct. 57, 61, 34 L.Ed. 640 (1890), we have not found any instance where the words have been held to include a "county" within their meaning. See Black's Law Dictionary, "Association" (5th ed. 1979).
Our review convinces us that the term "association of persons" in its popular sense does not include a "county". Consequently, it is our conclusion that a county employee may not be prosecuted under Alabama Code 1975, Section 13-3-20, for the embezzlement of property belonging to the county.
The State's two arguments against the defendant's contention that he was indicted under the wrong statute were both answered in Collins, supra, and Mehaffey, supra.
Although this issue was initially raised on appeal, it has not been waived.
 "The defect being of substance and involving an element of the offense, the indictment will not support a judgment, and it is the duty of this court to notice it, although no objection was taken to the indictment in the trial court. Mehaffey, 16 Ala. App. at 100, 75 So. at 648.
For the reason stated, the judgment of the Circuit Court is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.