BEATTY, Justice.
This is a child dependency case. At the dependency hearing, the trial court excluded the testimony of two witnesses and held that the child was not dependent. The Court of Civil Appeals reversed and remanded, holding that the testimony of both witnesses had been improperly excluded, 541 So.2d 1099. We affirm in part, reverse in part, and remand.
On December 9, 1986, the Limestone County Department of Human Resources (“DHR”) filed a petition with the Juvenile Court of Limestone County seeking to have petitioner’s four-year-old daughter declared a dependent child because she had reportedly been sexually abused by petitioner.
Upon motion of her guardian ad litem, the testimony of petitioner’s daughter was taken at an in camera hearing, over petitioner’s objection. Petitionér’s attorney was present at this hearing, but petitioner’s request to be permitted to be present was denied by the trial court. The child was not placed under oath, and no finding by the trial court of the child’s competency to testify appears in the record. At the conclusion of the in camera hearing, the judge announced that the child’s testimony would be stricken from the record and would not be considered. The trial court also excluded the testimony of Ms. Terry Mattson, a child sexual abuse counselor who had been appointed by the court to evaluate the child.
On June 23, 1987, the trial court entered a judgment dismissing DHR’s petition for a finding of dependency on the grounds that dependency had not been proven by clear and convincing evidence. DHR appealed. The Court of Civil Appeals reversed and remanded, holding that the trial court had improperly excluded the testimony of both witnesses, and the father petitioned this Court for writ of certiorari. In his petition *1106 to this Court, the father raised three issues:
(1) The applicability of Code 1975, § 15-25-3(c) (Cum.Supp.1987), to child dependency proceedings;
(2) The propriety of an in camera hearing held over the objection of a party whose counsel is allowed to be present at the hearing and to cross-examine the witness; and
(3) The admissibility of expert opinions that are based, in part, on improper foundations.
I.
Ala.Code 1975, § 15-25-3(c) (Cum. Supp.1987), provides, in pertinent part:
“(c) Notwithstanding any other provision of law or rule of evidence, a child victim of sexual abuse or sexual exploitation, shall be considered a competent witness and shall be allowed to testify without prior qualification in any judicial proceeding. The trier of fact shall be permitted to determine the weight and credibility to be given to the testimony. The court may also allow leading questions of such child witnesses in the interest of justice.”
(Emphasis added.)
The Court of Civil Appeals held that this statute was intended to apply to child dependency proceedings. We agree. In interpreting statutes, words are to be given their natural, plain, ordinary, and commonly understood meaning. Alabama Farm Bureau Mutual Cos. Ins. Co. v. City of Hartselle, 460 So.2d 1219 (Ala.1984); Darks Dairy, Inc. v. Alabama Dairy Commission, 367 So.2d 1378 (Ala.1979). The word “any” is commonly understood to mean “every” or “all.” Applying this definition to the phrase “any judicial proceeding” in § 15-25-3(c) makes this language plain and unambiguous. It was clearly intended to apply to every proceeding involving an allegation of sexual abuse or sexual exploitation, whether the proceeding is civil or criminal. Where the language of a statute is plain and unambiguous, and where the validity of the statute is not otherwise under attack, there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect. Mann v. City of Tallassee, 510 So.2d 222 (Ala.1987); Ex parte Holladay, 466 So.2d 956 (Ala.1985). We, therefore, hold that the Court of Civil Appeals was correct in holding the statute applicable to child dependency proceedings.
II.
The Court of Civil Appeals upheld the trial court’s decision to allow the testimony of petitioner’s daughter to be taken in camera in petitioner’s absence and without his consent because his attorney was allowed to be present and to cross-examine her. In so doing, the Court of Civil Appeals interpreted the decision of this Court in Ex parte Berryhill, 410 So.2d 416 (Ala.1982), to leave open the question of the propriety of an in camera hearing over the objection of a party whose attorney was allowed to be present and to cross-examine the witness.
Berryhill was a child custody proceeding in which the trial court held an in camera conversation with the minor child involved. This conversation was held over the appellant's objection and without either of the parties or their attorneys having been offered the opportunity to be present and to cross-examine the child. In holding that the trial court had acted improperly, we said:
“Nothing in American law allows ‘private’ trials. That custom went out with the abolishment of the Star Chamber, and the right to a public trial was one of the rights wrested from the British Crown and included in our Bill of Rights which remains the fundamental law of our land. The fundamental principle is that the decision of a court must be based on evidence produced in open court lest the guaranty of due process be infringed.
“Rule 43, ARCP, provides that ‘[i]n all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided in these rules.’ There is no exception in the rules for in camera *1107 examination of witnesses without the “presence or consent of attorneys and the right of cross-examination.” (Emphasis original.)
410 So.2d at 418.
Petitioner argues that this language in Berryhill prohibits an in camera hearing over the objection of one of the parties unless that party is allowed to be present at the hearing. We disagree. Berryhill does not stand for the proposition that an in camera hearing is never proper if held without the presence or consent of one of the parties. The in camera hearing that was challenged in Berryhill was held without the consent of the petitioner and in the absence of both the petitioner and his attorney. In the case at bar, allowing petitioner’s attorney to be present satisfied the minimum requirements of due process.
III.
The third issue concerns whether the trial court erred in excluding the opinion testimony of the State’s expert witness, Terry Mattson. On this issue, the Court of Civil Appeals concluded that the trial court improperly excluded her opinion testimony. We do not agree.
It is well established in Alabama that expert witnesses may base their opinion only upon either (1) facts of which they have firsthand knowledge, or (2) facts that are assumed in a hypothetical question asked of the expert. Armstead v. Smith, 434 So.2d 740, 742 (Ala.1983). If a hypothetical question is asked of an expert to elicit his opinion, the question must be based upon facts in evidence. C. Gamble, McElroy’s Alabama Evidence, § 130.61 at 285 (3d ed. 1979); Harper v. Baptist Medical Center-Princeton, 341 So.2d 133, 135 (Ala.1976). Consequently, the expert witness is normally brought to the stand after all the facts have been introduced upon which the attorney wishes to base the hypothetical question. However, a party may ask the expert witness a hypothetical question based upon some facts that have not yet been placed in evidence, if the party asking the question promises to introduce the facts at a later point in the trial. C. Gamble, supra. If a party is allowed to proceed with such questioning and fails to later introduce such facts, then the trial court’s action in striking the opinion of the expert witness will be upheld on appeal. Id. Also, when asking a hypothetical question, it is very important for “the party examining the expert [to] assume that the facts already introduced into evidence [or to be introduced later] are true and not call upon the expert witness to decide , if they are true.” Id.
Guided by these principles, we find that an examination of the opinion elicited from Mattson shows that it was based, in part, on facts not within her personal knowledge and not related to her in a proper hypothetical question. The pertinent excerpt from the record where Mattson was asked her opinion reads as follows:
“Q. And now, Terry, let me ask you this: Based upon your interviews with or meetings, I guess, with [the child] and your observations of her behavior and the information provided to you, and we are obviously taking this in a hypothetical sense since [the mother] has not testified, but assuming that the truth of those assertions to you by [the mother] of [the child’s] history of behavior, that you have already described, were you able to reach an opinion based upon your professional education and training as to whether [the child] had been sexually abused? Not that she had been sexually abused by any particular person, but that she had been sexually abused?
“A. Yes, I had.
“Q. What was that?
“A. My opinion is that [the child] has been sexually abused.”
It is clear from the record and the above excerpt that the opinion elicited from Matt-son that the child had been abused was based primarily upon three factors: (1) what the child had told her; (2) her observations of the child during their interviews; and (3) the behavioral characteristics of the child told to her by the child’s mother. Mattson’s expert opinion was properly based on the second and third factors. *1108 Clearly, Mattson’s testimony regarding the child’s behavioral characteristics observed by her in the interviews with the child was firsthand knowledge, and thus a proper basis for her expert opinion. Also, Matt-son’s opinion that the child had been abused based on the behavioral characteristics of the child as related to her by the child’s mother was likewise proper because such facts were presented to her in a proper hypothetical question. The question was based on facts in evidence,[1] and did not require her to decide the truthfulness of the facts. However, with respect to the first factor, Mattson did not have firsthand knowledge of those facts, nor were the facts embraced within a proper hypothetical question. It appears from the record that the trial court allowed Mattson to base her opinion partly on what the child had told her, although the facts were not yet in evidence, with the understanding that such facts would be introduced into evidence at a later time. However, the trial court eventually excluded the child’s testimony. Consequently, Mattson’s opinion testimony was partly based on facts not within her personal knowledge and not propounded in a proper hypothetical question, i.e., the facts were not in evidence.
The issue thus arises as to the admissa-bility of the expert’s opinion testimony, which is based, in part, on an improper foundation. The Court of Civil Appeals concluded that insofar as Mattson’s opinion was properly based on factors other than conversations with the child, her opinion should not have been excluded by the trial court. Limestone County Dept. of Human Resources v. McAllister, 541 So.2d 21, (Ala.Civ.App.1988). However, in Armstead v. Smith, 434 So.2d 740 (Ala.1983), we held that an expert’s opinion testimony was inadmissible because it was based, in part, on facts not within the personal knowledge of the witness and not propounded in a hypothetical question. Therefore, the trial court was correct in excluding her opinion testimony.
For the foregoing reasons, the judgment of the Court of Civil Appeals is affirmed in part, and reversed in part, and the case is remanded for further proceedings not inconsistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS and HOUSTON, JJ., concur.
STEAGALL, J., not sitting.

. We conclude that the question was based on facts in evidence, for two reasons. First, the mother later testified as to the child’s behavioral characteristics exhibited at home. Second, Mattson herself testified as to what the mother had told her about the child’s behavior. The opposing counsel failed to raise any objection to Mattson’s testifying as to what the mother had told her. Thus, these facts came into evidence. However, had the opposing counsel objected on hearsay grounds, the objection would have to have necessarily been sustained because Matt-son relied heavily on what the mother had told her about the child’s behavior in forming her expert opinion. See, Armstead v. Smith, 434 So.2d 740 (Ala.1983).