TAYLOR, Presiding Judge.
James Rogers was convicted of first degree sexual abuse of a five-year-old girl and was sentenced to four years’ imprisonment.
*1169 I
On appeal Rogers first contends that the five-year-old child should not have been allowed to testify because of her age and lack of knowledge and experience. It is true that § 12-21-165(a) Code of Alabama 1975, provides that “[p]ersons who have not the use of reason, such as idiots, lunatics during lunacy, and children who do not understand the nature of an oath, are incompetent witnesses.” However, § 15-25-3(c), Code of Alabama 1975, as amended, provides:
“Notwithstanding any other provision of law or rule of evidence, a child victim of sexual abuse or sexual exploitation, shall be considered a competent witness and shall be allowed to testify without prior qualification in any judicial proceeding. The trier of fact shall be permitted to determine the weight and credibility to be given to the testimony. The court may also allow leading questions of such child witnesses in the interest of justice.”
Accordingly, no error was committed when this child was permitted by the trial court to give evidence.
II
Appellant also urges that he is a black man and was denied a fair trial because there were no black members of the venire from which the jury was struck. The jury was struck from a venire list composed by the Alabama Judicial Data Center. The state made a showing that the venire was randomly selected by a computer based on driver’s license records. There is, of course, no requirement of law that juries must mirror a community or reflect various distinctive groups in the population. See, Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975); Owens v. State, 531 So.2d 2 (Ala.Cr.App.1986).
It appears that 4.9% of the overall population of Franklin County, Alabama is black. We find that the appellant was not denied a fair trial simply because there were no members of his race on the venire from which his jury was struck.
AFFIRMED.
All the Judges concur.