ON APPLICATION FOR REHEARING
TAYLOR, Judge.
The opinion previously issued in this case is hereby withdrawn and the following corrected opinion substituted therefor.
Appellant Raymond Price was convicted of child abuse, a violation of § 26-15-3, Code of Alabama 1975. He was sentenced to ten years in prison.
The appellant contends that the victim, a four-year-old child, should not have been allowed to testify without the court’s first establishing that she was competent. Specifically, he argues that the state should not have been allowed to proceed under the sexual abuse statute, § 15-25-3(c), Code of Alabama 1975, when he was indicted under the child abuse statute, § 26-15-3, Code of Alabama 1975. After a review of the statutes we must agree.
Section 12-21-165, Code of Alabama 1975, provides: “Persons who have not the use of reason, such as idiots, lunatics during lunacy and children who do not understand the nature of an oath, are incompetent witnesses.” An exception was carved out concerning children, by the adoption in 1985 of § 15-25-3(c). This section states: “Notwithstanding any other provision of law or rule of evidence, a child victim of sexual abuse or sexual exploitation, shall be considered a competent witness and shall be allowed to testify without prior qualification in any judicial proceeding.” See also Rogers v. State, 555 So.2d 1168 (Ala.Cr.App.1989). The statute specifically reads “a child victim of sexual abuse or sexual exploitation,” no reference is made to child victims of physical abuse. This court has faced the issue of whether this statute would apply to sexual abuse cases on several previous occasions. However, in each instance, the child was first determined to be competent. See Arnett v. State, 551 So.2d 1158 (Ala.Cr.App.1989); Hewlett v. State, 520 So.2d 200 (Ala.Cr.App.1987).
As Judge Patterson stated in Brasher v. State, 555 So.2d 184 (Ala.Cr.App.1988), aff’d, 555 So.2d 192 (Ala.1989):
*382 “Where construction of a statute is necessary, the subject matter of the statute will control, to some extent, in determining whether a strict or liberal interpretation shall be adopted. 82 C.J.S. Statutes at § 387 (1953). As a general rule, penal statutes are strictly construed. Spurlock v. State, 37 Ala.App. 390, 69 So.2d 293 (1953); 82 C.J.S. Statutes at § 389. Procedural statutes, on the other hand, should be liberally construed with a view to the effective administration of justice and to effectuate their purpose. Here, since we are dealing with a procedural statute, we should apply the rule of liberal construction, if necessary; however, this does not justify construing the language of the statute to mean something different from its clear and obvious meaning.’’
555 So.2d at 187 (emphasis added, citations omitted).
In Limestone County Dept. of Human Resources v. McAllister, 541 So.2d 1099 (Ala.Civ.App.1988), rev’d on other grounds, 541 So.2d 1104 (Ala.1989), the Alabama Court of Civil Appeals was faced with determining whether § 15-25-3(c) would apply to a child dependency case. The Alabama Supreme Court, in affirming in part, stated:
“It was clearly intended to apply to every proceeding involving an allegation of sexual abuse or sexual exploitation, whether the proceeding is civil or criminal. Where the language of a statute is plain and unambiguous, and where the validity of the statute is not otherwise under attack, there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.”
McAllister, 541 So.2d at 1106 (emphasis added, citations omitted).
Since the terms “sexual abuse” and “sexual exploitation” are not vague and could not be construed to mean anything other than their plain meaning, we must adhere to the wording of the statute. The legislative intent may have been to protect all children who had been abused, however, the statute clearly states that the application of the statute is to “child victims of sexual abuse or sexual exploitation.”
There is no age at which competency is presumed. A four-year-old can testify in cases other than sexual abuse or sexual exploitation if he or she has first been determined to be competent. In the instant case, the trial court attempted to question the victim but could not get her to talk. As a result, the trial court recessed until the next morning to see if the child would then be able to testify. The trial court again attempted to question the victim, with no success. The trial judge then allowed the victim to testify, relying on § 15-25-3(c). This was error. A review of the transcript of the child's testimony creates grave doubts as to her competency to testify-
Furthermore, we cannot say that the introduction of her testimony was harmless. After we subtract the child’s testimony, there remains testimony which was received into evidence upon reliance on other statutes connected with § 15-25-3(c).
We find support for our holding in the case of Wilburn v. State, 545 So.2d 231 (Ala.Cr.App.1989). In Wilburn, the defendant was charged with child abuse under § 26-15-2, Code of Alabama 1975. We stated that the victim, a five-year-old, was qualified to testify, since she had been determined to be competent. The trial judge had placed the victim under oath and had examined her concerning the difference between telling the truth and telling a lie.
The state argues that the statute should apply to physical abuse cases as well as to sexual abuse cases. It cites Hewlett, supra, in support of its position. In Hewlett, the defendant was charged with child abuse, assault in the second degree, and rape in the first degree. The victim was a 14-year-old girl. She was allowed to testify under § 15-25-3(c). As stated above, in Hewlett, the appellant was charged with an offense involving sexual abuse, thus application of the statute was clearly correct. Furthermore, the issue in Hewlett had not been preserved since no objection was made. The case also states that the victim had been questioned by the assistant dis *383 trict attorney concerning her competency to testify.
We find little support for the state’s argument here. The statute states that victims of sexual abuse or sexual exploitation shall be allowed to testify without first having been established to be competent. See § 15-25-3(c), Code of Alabama 1975. The words are plain and unambiguous. We have no choice but to hold that the trial court erred in allowing the victim to testify without first determining whether she was indeed competent. We hope that the legislature will consider amending the statutes regarding victims of child abuse. The judgment is reversed and the case is remanded to the Circuit Court for Montgomery County for further proceedings not inconsistent with this opinion.
ORIGINAL OPINION WITHDRAWN; CORRECTED OPINION SUBSTITUTED; REVERSED AND REMANDED; RULE 39(k) MOTION DENIED; APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.